STATE ex rel. MOORE, Relator, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., Respondents.

(No. 1,647.)

(Submitted January 30, 1901. Decided January 30, 1901.)

*Supreme Court—Writ of Supervisory Control.*

Under Constitution, Art. VIII, Sec. 2, giving the Supreme Court a general supervisory control over all inferior courts, a writ of supervisory control will not be granted to command a district court to sustain a motion for judgment on the pleadings, since the party has a remedy if he should finally be defeated in the action.

APPLICATION for a writ of supervisory control by the State, on relation of Donald Moore, against the Second Judicial District Court for the County of Silver Bow and William Clancy, Judge. Dismissed.

*Mr. J. E. Healy,* for Relator.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

The plaintiff applies for a writ of supervisory control. His application discloses that in an action between the present rela-

tor, or plaintiff, as plaintiff, and one James A. Murray, one James Cummings, and one T. J. McKenzie as defendants, the plaintiff moved the court in which the action is pending for a judgment on the pleadings, the pleadings consisting of the complaint and the separate answer of Murray, his co-defendants having made default. The motion was denied. By the present application, the plaintiff seeks to obtain a writ of supervisory control commanding the district court and its judge to sustain the motion and render judgment in favor of the plaintiff and against Murray.

The application must be denied and the proceeding dismissed. The facts alleged in support of the application are insufficient to justify the issuance of the writ asked for. If the order of the district court overruling the motion for judgment on the pleadings be erroneous and the plaintiff should be finally defeated in the action, the law prescribes the method whereby, at the proper time, the error (if not cured by amendment or otherwise in the trial court) may be corrected and the rights of the plaintiff protected. The matters stated in the application do not invoke the exercise by this Court of the power of a "general supervisory control over all inferior courts" granted to it by Section 2 of Article VIII of the Constitution. As giving countenance to the application, which the plaintiff asks be entertained under the authority conferred by Section 2, *supra,* counsel cites *State ex rel. Whiteside* v. *First Judicial Dist. Court,* 24 Mont. 539, 63 Pac. 395, and *Montana Ore Purchasing Co. et al.* v. *Lindsay, Judge,* 25 Mont. 24, 63 Pac. 715; but nothing that was said or decided in either case can reasonably be interpreted as suggesting that a writ of supervisory control ought to be issued under the circumstances here shown to exist. The application is plainly so devoid of even the semblance of merit that its further consideration is needless.

The application is denied, and the proceeding is dismissed.

*Dismissed.*

Re-hearing denied, February 4, 1901.