STATE EX REL. PRESCOTT, PLAINTIFF, *v.* DISTRICT COURT OF THE THIRD JUDICIAL DIS-TRICT ET AL., DEFENDANTS.

(No. 1,877.)

(Submitted October 24, 1902.   Decided October 27, 1902.)

*District Court—Appeal from Justice—Motion to Dismiss—Jurisdiction—Certiorari.*

Code of Civil Procedure, Sec. 1763, provides that, where the sureties of the party appealing from a justice to the district court do not justify upon notice, "the appeal must be regarded as if no such undertaking had been given." *Held,* that, as the district court has jurisdiction of a motion to dismiss an appeal in which the sureties have not so justified, *certiorari* to review an order refusing to dismiss such an appeal will be denied, as not the proper remedy; it being limited to proceedings in which the court has exceeded its jurisdiction.

APPLICATION for a writ of *certiorari,* on the relation of A. K. Prescott, to review an order of the district court of the Third judicial district refusing to dismiss an appeal from a justice's court.  Application denied.

*Mr. John W. James,* for Plaintiff.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an application for a writ of *certiorari* to review an order of the district court of Deer Lodge county refusing to

dismiss an appeal taken to the court from a judgment in a justice's court. From the affidavit filed in support of the application it appears, *prima facie,* that the plaintiff recovered judgment against one Thomas in the court of the justice of the peace. Thomas duly appealed therefrom to the district court and gave the undertaking required by law. The plaintiff, availing himself of the privilege granted by Section 1763 of the Code of Civil Procedure, duly excepted to the sufficiency of the sureties on the undertaking given to effectuate the appeal. It is alleged, and for the purpose of the present proceeding we assume, without deciding, that the sureties, or others in their place, did not justify upon notice, as is required by the following provision of Section 1763, *supra*: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." It further appears that the plaintiff moved the district court to dismiss the appeal on the ground that notice of the justification by the sureties was not given or served as provided by the statute quoted. The motion to dismiss was denied and the refusal of the court to grant the motion is asserted to have been in excess of the court's jurisdiction. The purpose of this application is to annul the order refusing to dismiss the appeal.

Upon the presentation of the petition counsel for the plaintiff stated that the facts recited in the affidavit demand the application of the rule declared in *State ex rel. Allen* v. *Napton, Judge,* 24 Montana Reports, 450, 62 Pacific Reporter, 686, but the present case is wholly unlike the case which counsel cites in support of his position. In the *Napton Case* the district court had *proceeded* by making an order in an *action* of which it did not have jurisdiction. There Allen recovered before a justice of the peace a judgment against Gibbs, and Gibbs appealed to the district court. Thereupon Allen excepted to the sufficiency of the sureties on the undertaking; none

of the sureties justified nor was notice that they would justify ever given, nor did Allen waive justification. When the transcript on appeal was lodged with the clerk of the district court, Allen moved to dismiss the appeal upon the ground that the sureties had not justified as required by statute, which motion the court denied. Thereafter the district court, by order, required Allen within thirty days to file an undertaking in the sum of $300, conditioned according to the statute, in default of which the *action* should stand dismissed at plaintiff's costs.

We held that the district court had no jurisdiction of the *action* and, of course, was without power to dismiss it or to order a dismissal unless Allen complied with the conditions imposed by the court. The order requiring the undertaking to be filed and declaring that the *action* should stand dismissed in default thereof we declared void for lack of jurisdiction and for that reason annulled the order. Inquiry touching the jurisdiction of the court to deny the motion to dismiss the appeal was not pertinent and the question was therefore reserved,—it was reserved not because there was any serious question in respect of what the answer should be, but merely because the question was not involved in the case.

The application is without merit. In this state *certiorari* is a remedy which may be successfully invoked only when an inferior tribunal, board, or officer exercising judicial functions has exceeded its or his jurisdiction, and the review may not extend beyond a determination whether authority—that is, jurisdiction—has been regularly pursued. Such is the settled rule which has so frequently been announced by this court that reference to the cases is unnecessary. Now, the question of whether or not the district court, even if it was without jurisdiction of the *action,* should have dismissed the *appeal* cannot be investigated in the present proceeding. Let it be granted that the court had no jurisdiction of the *action.* It had jurisdiction of the motion to dismiss the *appeal,*—that is to say, it possessed the power to hear and determine the motion, and such power necessarily implies authority to decide wrong as well as right. Hence the district court regularly pursued its authority

and its ruling upon the motion to dismiss the appeal was neither without nor in excess of its jurisdiction.   If the ruling was erroneous, correction may be had at the proper time and in the appropriate way.   We remark, in passing, that the annulment of the court's refusal to dismiss the appeal could not, as it seems, aid the plaintiff, for annulment of the refusal would simply leave the case in the condition it was at the time the motion was submitted.   But however this may be, it is manifest that *certiorari* is not the remedy for the supposed wrong of which the plaintiff complains.

The application is therefore denied and the proceeding dismissed.

*Denied.*