## STATE EX REL. HARRIS, PLAINTIFF, *v.* DISTRICT COURT ET AL., DEFENDANTS.

(No. 1,809.)

(Submitted December 18, 1902.    Decided December 19, 1902.)

*Supreme Court—Jurisdiction—Writs of Supervisory Control—Certiorari—Mandamus—Review of Decisions of Trial Court.*

1.  Rulings of the trial court sustaining defendant's objections to the introduction of evidence on the ground that the complaint failed to state a cause of action, dismissing the complaint, discharging the jury, and entering judgment for defendant, are not reviewable by *certiorari,* the court having jurisdiction to make the rulings.
2.  A decision of a trial court that a complaint in a suit does not state a cause of action, being a determination of an issue of law arising in the case, will not be corrected by *mandamus.*
3.  The writ of supervisory control can be employed only in exigent cases to remedy manifest wrongs which cannot be otherwise righted, hence a writ of supervisory control will not be granted (at least where the case is not shown to be exigent) to correct alleged errors in the decisions of a trial court that a complaint does not state a cause of action, discharging the jury, and entering judgment for defendant, the same being reviewable on motion for new trial or on appeal.

APPLICATION for writs of supervisory control, *certiorari,* and *mandamus* by the state, on the relation of John S. Harris, as administrator of the estate of Robert G. Ingersoll, deceased, to review the rulings of the district court of the Second judicial district of Montana for Silver Bow county, and the judge thereof, sustaining objections to the introduction of evidence on the ground that the complaint failed to state facts to constitute a cause of action, dismissing the complaint, discharging the jury, and entering judgment for defendant. Application denied.

*Mr. Edgar N. Harwood,* and *Mr. John Lindsay,* for Relator.

MR. JUSTICE PIGOTT delivered the opinion of the court.

By the amended complaint in an action pending in the district court of Silver Bow county, entitled *"John S. Harris, as Administrator of the Estate of Robert G. Ingersoll, Deceased,*

v. *Henry A. Root et al.,"* the plaintiff demanded judgment for $95,000 as the remainder due for professional services rendered by the decedent in his lifetime to certain of the defendants; that the debt and judgment be declared a lien upon the interests and shares of such defendants, and that a receiver thereof be appointed. Demurrers to the complaint were filed, and afterwards withdrawn, and the defendants answered. The court appointed a receiver. On December 10, 1902, the cause came on for trial before the court sitting with a jury. On December 11th, when the plaintiff attempted to examine his first witness, the defendants objected to the introduction of any evidence, on the ground that the amended complaint fails to state facts sufficient to constitute a cause of action. The court sustained the objection, dismissed the "complaint," and discharged the jury, the plaintiff excepting. Counsel for the plaintiff state that on the next day a formal judgment was rendered in favor of the defendants. The plaintiff now applies to this court for writs of supervisory control, *certiorari,* and *mandamus.* He asks that by means of these writs the order dismissing the complaint be annulled, and that the district court and its judge be required forthwith to recall the jury and to proceed to trial.

1. As to *certiorari,* it is enough to say that the court had jurisdiction to make the order sought to be annulled, and therefore this remedy is not available. (*State ex rel. Prescott* v. *Third Judicial Dist. Court,* 27 Mont. 179, 70 Pac. 516.)

2. *Mandamus* does not lie to direct the making of a particular judicial decision or ruling in a matter within the jurisdiction of the court or judge. (*State ex rel. Independent Pub. Co.* v. *Smith,* 23 Mont. 329, 58 Pac. 867.) Nothing in *Raleigh* v. *District Court,* 24 Montana Reports, 306, (61 Pac. 991, 81 Am. St. Rep. 431), supports the plaintiff's contention. There it was held that refusal to take jurisdiction, or, after having acquired jurisdiction, refusal to proceed in its regular exercise, or the erroneous determination of a question of law or practice, presented as a *preliminary* objection, upon which the court refused to examine the merits, will be corrected by *mandamus.* Here the court took

jurisdiction, and proceeded in its regular exercise; its decision that the complaint lacks substance was not the determination of a *preliminary* objection, but was the determination of an *issue of law arising in the cause itself* (not before reaching its threshold), and hence involved the merits.

3.    The writ of supervisory control cannot be successfully invoked, for, it may be employed only in exigent cases to remedy manifest wrongs which cannot be otherwise righted. (*State ex rel. Sutton* v. *Second Judicial Dist. Court,* 27 Mont. 128, 69 Pac. 988.) Should the writ issue upon the present application, it would lie to correct each and every mistake of district courts, and in great measure supplant the ordinary appeal. Such is not its office. (*State ex rel. Moore* v. *Second Judicial Dist. Court,* 25 Mont. 31, 63 Pac. 686.)

The alleged errors asserted by the plaintiff may be corrected only on motion for new trial or on appeal. Let the application be denied, and the proceeding dismissed.

*Dismissed.*