STATE EX REL. BUTTE LAND & INVESTMENT CO., RE-
LATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 2,564.)

(Submitted May 11, 1908.    Decided May 18, 1908.)

[95 Pac. 843.]

*Supervisory Control—Reference—Books and Accounts—Inspec-
tion—Appeal.*

1.  A writ of supervisory control will not be granted to compel the
vacation of an order of reference made by the district court, in an
action on a contract in which plaintiff claimed to be entitled to cer-
tain commissions and alleged that an examination of a long and com-
plicated account was necessary to a determination of the cause,—
before it had ascertained whether in fact a contract existed between
the parties, where the return showed that plaintiff had already ex-
amined the books of the relator company at its invitation, that some
of the books and accounts had been produced, though under protest,
and examined before the referee, and where no claim was made that
books or accounts not pertinent or material to the inquiry were re-
quired to be produced.   If error was committed, the remedy was by
appeal.

ORIGINAL APPLICATION by the state, on the relation of the
Butte Land and Investment Company, for writ of supervisory
control against the district court of the Second Judicial Dis-
trict in and for the county of Silver Bow, the Honorable George
M. Bourquin, a judge thereof, and C. N. Davidson, referee.
Petition denied.

*Messrs. McBride & McBride,* for Relator.

*Mr. L. P. Forestell,* and *Mr. I. A. Cohen,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an application for a writ of supervisory control.   The
court has heretofore issued an order directing the respondents
to show cause why the prayer of the relator should not be
granted.

It appears from the relator's petition that on the twenty-seventh day of September, 1907, one Paul Rossier filed in the district court of the Second Judicial District his complaint against relator as defendant, wherein it was alleged, in substance, that Rossier had been employed by the defendant, under a contract, by the terms of which he was entitled to receive a fixed compensation per month, and, in addition thereto, certain commissions on sales and loans made by the defendant company; that the company was indebted to him under said contract in the sum of several thousand dollars, the exact amount of which was unknown to him; that it was agreed that the company should keep a correct account of the transactions between the parties, which it did; that the plaintiff kept no account; that the plaintiff had demanded of the defendant an account of the transactions between them, which demand had been refused; that the commission accounts were contained in the books of the defendant, and were in the custody and under the control of the defendant, and that he had no access thereto and could not determine the amount to which he was entitled; that the determination of that amount would involve the examination of a long and complicated account. He therefore prayed that an accounting be had to ascertain the amount due him under the terms of his contract, and that he have and recover of the defendant a judgment for the amount so found due. The defendant answered, denying generally all of the allegations of the complaint. On the seventh day of March, 1908, the district court of Silver Bow county, the Honorable George M. Bourquin, Judge, presiding, made an order appointing C. N. Davidson, Esq., a referee to hear evidence and report to the court his findings of fact and conclusions of law. On April 28, 1908, the relator appeared specially before the referee, and filed certain objections to the appointment of that officer and to his jurisdiction in the premises, which objections were overruled by the referee. On the thirtieth day of April, 1908, the relator moved the district court for an order vacating the order of reference, urging as reasons therefor, among others, that

it did not appear on the face of the records and files in the case that the trial of any issue of fact required the examination of a long account or any account on either side, and that the order was not justified under the pleadings in the case or any decision or finding made by the court in the case. In support of this latter motion, the relator filed the affidavit of S. V. Kemper, one of its officers, which affidavit contained, among other allegations, the following: "That during a portion of the years 1905 and 1906 the said Rossier was employed by the Butte Land and Investment Company and the terms of the contract under which he was acting were reduced to writing, and each month during the period of time when the said Rossier was employed by the said Butte Land and Investment Company he received a full and complete statement of his account with the company, and at all times had full and complete access to all the books of the company, and fully consented to, approved and accepted all the monthly accounts submitted to him from time to time during the period of time covered by his term of employment; that at no time has the said Rossier been denied access to the books of the corporation, but he has at all times been given every statement requested, and has at all times been offered and tendered access to the books of the corporation, either by himself or by any expert chosen by himself, and at no time has any occasion arisen for any accounting or any dispute between the plaintiff and defendant, otherwise than upon the construction to be given to the said written contract."

The plaintiff Rossier filed his affidavit, in which he sets forth that, upon a hearing before the referee, certain books of the defendant company were brought before the referee, but only a part of said books were brought, and that the books which were material upon the hearing of an accounting in the case were not brought and had not been furnished by the defendant; that, after the case was referred to Mr. Davidson, the matter was continued from time to time for hearing before said referee at the request and for the convenience of the defendant's attorneys, and the same was finally set for hearing on the twenty-

eighth day of April, 1908; that the hearing was taken up before the referee on the twenty-eighth day of April, 1908, and was adjourned to the 29th, when the taking of said account was resumed and the hearing adjourned to the 30th of April, 1908.

In the petition of the relator we find the following allegation: "That under protest, but in obedience to said subpoena issued by the referee, your petitioner has produced said books, papers and memoranda, and plaintiff is proceeding to examine the same against the protest of your petitioner." The district court denied the motion to vacate the order of reference.

It is contended in this court that the district court had no authority to order a reference in the case without first determining whether or not a contract existed between Rossier and the Butte Land and Investment Company, making the taking of an account necessary, as alleged in the complaint, and that the order made by the court was therefore an arbitrary exercise of power, and should be vacated. Section 1130 of the Code of Civil Procedure provides: "A reference may be ordered upon the agreement of the parties, filed with the clerk or entered in the minutes: (1) To try any or all the issues in an action or proceeding, whether of fact or law, and to report a finding and judgment thereon. (2) To ascertain a fact necessary to enable the court to determine an action or proceeding." Section 1131, same Code, provides: "When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases: (1) When the trial of an issue of fact requires the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein. (2) When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect." The respondents have filed a motion to quash the order to show cause and to dismiss the petition.

Upon the record as made by the relator we fail to see how any of its constitutional rights will be lost or jeopardized if this court refuses to set aside the order of reference. It appears that some sort of accounts exist on the books of the relator with reference to Rossier's transactions with the corporation, that Rossier has heretofore examined the same at the invitation of the officers of the corporation, and that some at least of the books and accounts have been produced and examined before the referee. What additional damage, then, may the relator suffer that can be prevented by this court? Another thing, the district court had authority, without reference, to proceed with the trial of the case upon the issues made by the pleadings. That court in its discretion might first have tried the question of the existence of an interpretation to be put upon the contract, or might have allowed the plaintiff to put in his entire case, first requiring the defendant to produce its books and accounts. These matters all relate to the order of proof. Suppose the district court erred in its interpretation of the contract and the defendant had been compelled to produce its books after such error. These are all matters that may occur in any case and must be corrected, if at all, on appeal. No claim is made that the respondent is required to produce books or accounts not pertinent and material to the inquiry, if plaintiff's interpretation of the contract is correct. We do not feel that this is a case where the supervisory jurisdiction of this court should be exercised.

The motion to quash the order to show cause is granted; and the relator's petition is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.