STATE EX REL. GROGAN ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,077.)

(Submitted October 30, 1911. Decided November 8, 1911.)

[119 Pac. 174.]

*District Judges—Bias and Prejudice—Disqualifying Affidavit—Sufficiency—Supervisory Control—Writ Does not Lie, When.*

District Judges—Disqualifying Affidavit—Sufficiency.
   1.   An affidavit imputing bias and prejudice to a district judge in the language of the statute (Rev. Codes, sec. 6315) is sufficient; proof of facts showing actual bias and prejudice not being required nor permitted.

Same.
   2.   Where from the recitals in an affidavit, by the use of descriptive words identifying the particular district judge sought to be disqualified for bias and prejudice, the intention of the affiant to deprive "J. Miller S." of jurisdiction of the case was apparent, the error in naming him "J. Millard S." was insufficient to prevent a disqualification.

Supervisory Control—Court Costs—Inability to Pay—Evidence—Insufficiency.
   3.   Assuming—but not deciding—that the financial disability of a litigant to pay necessary court costs is sufficient under any circumstances to justify or excuse delay in his effort to secure relief from an adverse judgment, evidence *held* insufficient, on application for writ of supervisory control, to entitle relator to indulgence on that account.

Same—Other Remedies.
   4.   Where relators had an appeal from a judgment sought to be set aside for lack of jurisdiction in the judge who tried the cause, or could have moved to set it aside and, upon denial of the motion, appealed from the order as from a special order after final judgment, but failed to avail themselves of either of such remedies, they were not entitled to a writ of supervisory control, the purpose of which is to remedy manifest wrongs which cannot otherwise be righted.

Original application by the state, on the relation of Darius' F. Grogan and others, against the District Court of the Ninth Judicial District of the State of Montana, in and for Gallatin County, and Hon. J. Miller Smith, Judge presiding, for a writ of supervisory control to set aside a judgment. Proceeding dismissed.

*Mr. Jesse B. Roote,* for Relators, argued the cause orally.

In behalf of Respondents, *Mr. Geo. D. Pease* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an original application for a writ of supervisory control to set aside a final judgment rendered and entered in the case of *Cline* v. *Darius F. Grogan et al.,* the relators herein, by the district court of the ninth district in and for Gallatin county. The action was commenced on November 16, 1909, by Carrie Cline to recover from the relators the amount of a promissory note for $1,478.77, executed by them to Victor E. Cline, on January 28, 1901, and thereafter transferred by him to Carrie Cline. The issues were made up by the reply of the plaintiff, Cline, filed February 5, 1910. Thereafter the cause was set for trial on June 18. On June 16 the relators filed their affidavit alleging that they could not have a fair and impartial trial by reason of the bias and prejudice of Honorable W. R. C. Stewart, the judge of that district. Accordingly, Judge Stewart postponed the trial until June 20 and called in Honorable J. Miller Smith, of the first district, to sit in his place. Counsel who had theretofore acted for relators had withdrawn from the cause, and it seems that relators were then without counsel. Immediately after the announcement that Judge Smith would preside at the trial, Darius F. Grogan made and caused to be filed with the clerk the following affidavit: "D. F. Grogan, being first duly sworn, deposes and says: That he is one of the defendants in the foregoing named action; that

he has reason to believe that the defendants cannot have a fair trial of said action before the Honorable *Millard* Smith, judge of the said district court for the trial of said action, on request of the Honorable W. R. C. Stewart, the disqualified judge of the said court, in said action, because of the bias and prejudice of the said Judge *Millard* Smith.'' When court convened on June 20, the relators were not present, nor were they represented by counsel. Judge Smith, being of the opinion that the affidavit *was not sufficient to disqualify him*, because of the error in the statement of his name therein, proceeded with the trial, which resulted in a verdict and judgment in favor of plaintiff for the amount of the note and costs.

It does not appear from the petition when the relators first received notice of the entry of judgment; but it does appear that on October 10, 1910, they procured counsel to prepare, and who did prepare, the petition filed in support of the present application. Thereafter they took no further steps until September 21 of this year, when the petition was filed in this court. The petition recites the facts above narrated, and is accompanied by the affidavits of Darius F. Grogan and both of counsel for relators, the purpose of which is to supplement the petition by showing that relators did not apply promptly to this court for relief because, when the judgment was entered against them, they were, and since have remained, financially unable to pay the necessary filing fees. Upon the filing of the petition this court issued an order to show cause. At the hearing the defendants filed and submitted certified copies of affidavits theretofore filed by Darius F. Grogan in other proceedings to which he was a party in the district court of Gallatin county, and also original affidavits of other persons controverting the matters alleged in the affidavits accompanying the petition, and submitted a motion to set aside the order and dismiss the proceedings upon several grounds, all of which are included in the general statement that the facts alleged in the petition do not warrant the relief demanded.

It cannot, we think, be controverted that the affidavit filed in the district court was sufficient to work a disqualification of Judge Smith and deprive him of jurisdiction of the case of *Cline* v. *Grogan et al.* Under the statute (Rev. Codes, sec. 6315) a disqualification is wrought by the filing of an affidavit imputing bias and prejudice to the presiding judge at any time before [1] the day fixed for the hearing. The imputation may be made in the language of the statute, and proof of facts showing actual bias and prejudice is not required nor permitted. (*State ex rel. Carleton* v. *District Court*, 33 Mont. 138, 82 Pac. 789.) The error in the given name of Judge Smith might, in the absence of descriptive words identifying the particular person against whom it was directed, have rendered the affidavit abortive; but, since it shows by its recitals that it was the [2] intention of the affiant to disqualify the Judge Smith who had been called by Judge Stewart to try the cause, it was sufficient to work the disqualification, notwithstanding the judge's given name was not correctly stated. It thus appears that Judge Smith was without jurisdiction to sit and try the cause. It is on this ground that this court is asked to exercise its supervisory power to set the judgment aside.

If it be assumed that the financial disability of a litigant is sufficient under any circumstances to justify or excuse delay [3] in his effort to secure relief from an adverse judgment, the showing made to excuse the delay of relators in instituting this proceeding does not entitle them to any indulgence. It is true that, if the defendants wished to controvert any facts stated in the petition or the supplemental affidavits, they should have done so by a formal answer. But, treating the affidavits and copies filed by them as an answer, they furnish substantial ground for the conclusion that the representations by the relators as to their financial condition are not based upon the facts as they have actually existed. It appears that early in January of this year Darius F. Grogan was possessed of real estate which he was able to hypothecate to obtain money for a trip to West Virginia. As shown by copies of his affidavits filed in

the district court of Gallatin county, this had a value of several thousand dollars, and, for aught that appears, he owned this property at the time the judgment was rendered against him, and was financially able to institute appropriate proceedings at once to have it set aside.

But, accepting the representations as to the financial condition of relators as true, there is another reason which concludes them from having any relief in this court.    When the judgment [4]  was rendered against them, they had two statutory remedies, either of which would have been both expeditious and adequate to furnish them relief.    They had an appeal directly from the judgment.    By bill of exceptions they could have brought into the record the proceedings incident to the disqualification of Judge Smith, and their appeal would have been effective.    In lieu of this course they could have moved the district court to set aside the judgment, and their motion would have been effective upon a showing of the facts.    (Rev. Codes, sec. 6589.)    The lack of jurisdiction in Judge Smith to render the judgment, and hence its invalidity, could have been made to appear.    In case their motion was denied, they could have appealed from the order denying it, as from a special order after final judgment.    (Section 7098.)    This appeal would likewise have been effective.    But, having omitted to avail themselves of these remedies, they are not entitled to invoke the power of this court, which was given it to enable it to grant relief, not generally, but only under extraordinary circumstances in cases in the inferior court, in which error has intervened and there is no appeal or adequate remedy.

The supervisory power of this court was examined, and its functions tentatively defined, in *State ex rel. Whiteside* v. *District Court*, 24 Mont. 539, 63 Pac. 395.    It has been invoked in many cases since that decision was rendered, but has always been confined in its use to exigencies arising during the progress of litigation in inferior courts, to remedy manifest wrongs which cannot otherwise be righted, and which will result in irreparable damage unless relief is granted.    The following are illustrative

cases: *State ex rel. Moore* v. *District Court,* 25 Mont. 31, 63 Pac. 686; *State ex rel. Sutton* v. *District Court,* 27 Mont. 128, 69 Pac. 988; *State ex rel. Harris* v. *District Court,* 27 Mont. 280, 70 Pac. 981; *State ex rel. Shores* v. *District Court,* 27 Mont. 349, 71 Pac. 159; *State ex rel. Clark* v. *District Court,* 30 Mont. 442, 76 Pac. 1005; *State ex rel. Heinze* v. *District Court,* 32 Mont. 579, 81 Pac. 345; *State ex rel. Butte L. & I. Co.* v. *District Court,* 37 Mont. 226, 95 Pac. 843; *State ex rel. Hepner* v. *District Court,* 40 Mont. 17, 104 Pac. 872; *Bailey* v. *Examining and Trial Board,* 42 Mont. 216, 112 Pac. 69. If we should grant the writ in the instant case, we should not only use our power for another purpose than that for which it was granted, *viz.,* for the purpose of review as on an ordinary appeal and after the time for appeal has expired, but should also grant relief to a litigant whose only claim to it is that he has neglected, without excuse, to avail himself of the ordinary remedies provided by statute for cases such as his. This we may not do.

It was suggested during the argument that the relators may still resort to an action in equity to have the judgment set aside. This may be so (*State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 99 Pac. 291); but, if it is so, there is thus apparent still another reason why this court should not interfere to perform an office which primarily appertains to the district court. The relief granted by this court would be exactly that which should be sought through the original equity jurisdiction of the district court.

The order to show cause is therefore set aside, and the proceeding is dismissed.

*Dismissed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.