AUSTIN et al, Appellants, v. EDDY et al, Respondents.

(172 N. W. 517).

(File No. 4462.   Opinion filed May 13, 1919.)

1. Certiorari—School Districts, Consolidation Of—Election Re Consolidation, Superintendent's Certificate, Rebuttal of by Additional Return Dehors Record, Whether Permissible.

In a proceeding in certiorari, to review proceedings of county superintendent of schools concerning consolidation of school districts, under Laws 1913, Ch. 194, as amended by Laws 1917, Ch. 218, providing, as a condition to such consolidation, that the state superintendent shall approve the petition

of electors therefor presented to county superintendent, where-
upon the latter shall call an election, etc., the result of which
shall be certified by election officers to county superintendent,
etc., held, that where the return of county superintendent to
the writ discloses substantial compliance with statutory re-
quirements pursuant to entry of order of consolidation, appli-
cation for an additional return of superintendent showing
upon what evidence and in what manner the evidence taken
as to residence and qualification of petitioners, and by whom
date of election was inserted in purported notice thereof, and
for inclusion in the return of notice of election, for the al-
leged purpose "of determining whether or not the said districts
should be consolidated," which further return it was claimed
would show the original return was false, was properly denied;
the original return showing notice of election in due form
signed by county superintendent, and reciting the due posting
of the notice.    Held, further, that the statute does not require
an affidavit or other evidence of such posting to be filed with
county superintendent or elsewhere, and the certifying by the
superintendent of the posting, as part of the return, is the
proper and only mode by which it may be made to appear.

2. **Same—School   District · Consolidation, 'Election   For—Superin-
tendent's Return to Writ Re Signing of Election Notices—
Matters Dehors Record, Whether Admissible.**

The county superintendent having certified as a return to a
writ of certiorari, that notices of an election for consolida-
tion of school districts were duly posted and signed by her,
held, that applicant's motion to require further return certify-
ing that the posted notices were not signed, a matter dehors
the record, was properly denied; that the return could not thus
be controlled, it being merely an attempt indirectly to try an
issue of fact in certiorari proceedings.

3. **Same—Motion on Affidavits for Amended Return to Falsify
Original Return, Tenability Of.**

In certiorari, an amended return will not be required or al-
lowed where it is in effect an attempt on affidavit to traverse
the return and obtain an adjudication that the return is false.

4. **Same—Review of "Quasi Judicial" Action · Conditioning Admin-
istrative Act—Judicial Act, Construed.**

So-called "quasi judicial" action of an inferior court, board,
officer or tribunal, may be reviewed upon certiorari, in so far
as facts of record condition an administrative act.   Held, fur-
ther, when an inferior officer or board is charged with an ad-
ministrative duty whose performance depends upon and re-

quires evidentiary ascertainment of facts, the investigation and determination of such facts is so-called judicial action.

5.  **Schools—Consolidation of Districts—County Superintendent's Order of Consolidation, Whether Administrative Duty—Nature of Evidence, Re Jurisdiction, Immateriality.**

Under Laws 1913, Ch. 194, Sec. 2, providing that before any steps are taken in organizing a consolidated school district, and Laws 1917, Ch. 218, providing that upon presentation to county superintendent of a petition signed by at least 25% of electors of each district affected, asking for formation of consolidated district, county superintendent shall call an election and give notice thereof, and if three-fourths or more of votes cast for it are for consolidation, superintendent shall make the proper orders to give effect to such vote, etc., held, that county superintendent is required, before the administrative duty to make the order of consolidation is called into existence, to determine whether petition is signed by required number of electors "of each district affected;" that the kind of evidence upon which such officer may act is not material to question of jurisdiction to act.

6.  **Schools—District Consolidation Election, County Superintendent's Authority, "Jurisdiction," to Examine Evidence—Error Re, Whether Reversible on Certiorari.**

Under Laws 1913, Ch. 194, Sec. 2, as amended by Laws 1917, Ch. 218, relating to elections for consolidation of school districts, county superintendent is given authority, or "jurisdiction" to examine the evidence and determine the fact as to whether petition for the election was signed by required number of electors; but error in such determination is not reversible upon certiorari, since hearing the evidence and determining the fact is not, even though erroneous, itself exercise of "jurisdiction," and such officer, upon face of the return, is neither acting without or in excess of jurisdiction.

7.  **Certiorari—"Jurisdiction," Whether Applicable to Administrative Acts.**

The term "jurisdiction" has no application to administrative acts; such as act of county superintendent of schools in making an order for consolidation of school districts.

8.  **Same—When Exercisable—Officer "Exceeding Jurisdiction"—Statute, Errors of Law, Whether Reversible By, Re Evidence.**

Under Code Civ. Proc., Sec. 754, certiorari lies only when an inferior court, officer, board or tribunal has "exceeded its jurisdiction;" it does not lie to correct errors of law, such as may arise upon passing upon competency or sufficiency of evidence, where jurisdiction or authority is given to pass upon questions involved.

**9. Certiorari—Writ Distinguished from Prohibition—Certiorari to Review Record, Prohibition to Try Facts—Statutes—Review of Administrative Acts, Remedy.**

The distinction between writ of certiorari and writ of prohibition lies mainly in different modes in which question of lack of administrative authority or excessive jurisdiction is presented for review. Under the former writ only matters of record of proceedings before the inferior court, etc., are reviewable, and question is determined upon that record alone; while writ of prohibition brings forward evidence of facts alleged in petition therefor, the allegations of which may be controverted by answer and initial facts thus framed as in mandamus; construing Code Civ. Proc., Secs. 769, 780; that the only purpose for which matters dehors the record may be required to be returned in prohibition is to enable reviewing court to determine whether there was any evidence before the administrative officer which in his judgment established facts essential to exercise of administrative power or authority—but the reviewing court cannot re-try an issue of fact upon such evidence, in a certiorari proceeding.

**10. Certiorari—Prohibition—Quasi Judicial Investigation, Whether Controlable By.**

Acts wholly administrative, and in courts upon quasi judicial investigations, cannot be controlled by either writ of certiorari or of prohibition.

**11. Same—Jurisdiction, Return to Writ Showing, Effect Re Review.**

Where, in certiorari, the return to the writ, on its face, discloses that county superintendent, in determining whether the requisite number of electors have signed petition for school district consolidation election, was not acting without nor in excess of jurisdiction as such officer, the order for consolidation made by her is not reversible in such proceeding.

Appeal from Circuit Court, Minnehaha County.   Hon. Joseph W. Jones, Judge.

Proceeding in certiorari, to review proceedings of Anna M. Eddy, county superintendent of schools of Minnehaha County, in the matter of consolidation of certain school districts into a new district. From an order of circuit court affirming the final order of consolidation of county superintendent, Austin T. Austin, and others, school district electors, appeal.   Writ dismissed.

*Teigen & Davis,* for Appellants.
*Caldwell & Caldwell,* for Respondents.

(1) To point one of the opinion, Appellants cited, re authority to fix date of election, etc.:

15 Cyc. 322, and cases there cited; Stumpf v. Board of Supervisors, 131 Cal. 364; 63 Pac. 663, 82 Am. St. Rep. 350; In re School Dists. Nos. 2, 3, and 4 Nobles County, 122 Minn. 383, 142 N. W. 723.

Respondents cited:

State Ex Rel Ellis v. Thorne, (Wis.) 87 N. W. 797; Borchard v. Board of Supervisors, (Cal.) 77 Pac. 708; Code Civ. Proc. Sec. 761; In Re Evingson, 2 N. D. 184; 49 N. W. 733; Bailey on Habeas Corpus, page 729.

(2) To point two, Appellants cited:

11 Cyc. 102, and cases cited.

(4) To point four, Appellants cited:

State ex rel Co. v. State Board of Assessment and Equalization, 3 S. D. 345; 4 Standard Ency. of Proc. 915, 916, and cases there cited.

Respondents cited:

5 R. C. L. 258; Frasher v. Rader, 56 Pac. (Cal.) 797.

(5) To point five, Respondents cited:

Stephens et al v. Jones et al, 24 S. D. 97.

(6) To point six, Appellants cited:

Bailey on Habeas Corpus, Sec. 186, pages 732-733-4, and cases cited:

(9) To point nine, Respondents cited:

State Ex Rel Byrne v. Ewert, 36 S. D. 622; Bailey on Habeas Corpus, Vol. 1 page 661, 662; Champion v. Board, 5 Dak. 416; 41 N. W. 739.

SMITH, P. J. Certiorari, seeking to review proceedings of the county superintendent of schools of Minnehaha county, in the matter of the consolidation of certain school districts into a new district, to be designated as Lyons independent school district No. 3. Upon the return to the writ and a hearing in the circuit court, the final order of consolidation was affirmed, and plaintiffs, who are electors, have appealed. The consolidation proceedings were under chapter 194, Laws 1913, as amended by chapter 218, Laws of 1917.

The statutes provide that before any steps are taken for the consolidation of school districts, the county superintendent shall cause a plat to be made of the proposed consolidated district, which must be approved by the state superintendent; and after such approval a petition for such consolidation must be presented to the county superintendent, signed by at least 25 per cent. of the electors of each district affected, whereupon the superintendent is required to call an election, and to cause 10 days' posted notice thereof to be given in each district affected, specifying the time and place of an election to vote on the question of consolidation. The election officers are required to certify the result of the vote to the superintendent, and if three-fourths or more of the votes cast are for consolidation, the county superintendent "within ten days thereafter shall make proper orders to give effect to such vote," etc. Other provisions of the statute are not material here.

The return of the county superintendent to the writ upon its face disclosed a substantial compliance with the statutory requirements precedent to the entry of the final order of consolidation. Upon the return to the writ appellants filed in the circuit court a petition or motion supported by affidavits demanding an order that the county superintendent make further return certifying, first, upon what evidence and in what manner the evidence was taken as to the residence and qualification of the signers on the petitions circulated in the several districts; second, by whom the date on which the election was to be held was inserted in the purported notice thereof; third, that she be required to amend her return by including therein the original notices of election, or as many of the original notices as are in her possession. This demand was for the alleged purpose of "determining whether or not the said districts should be consolidated." Appellants further demanded, in case an amended return including the original notices of election be not required, that appellants be permitted to file affidavits, or take evidence, as to the original notices posted in the several districts, and such other matter touching said notices "as may be material to be considered by the court in said proceeding."

The petition for such additional return was denied by the trial court, and this ruling is assigned as error. Appellants' argu-

ment, founded upon this and other assignments presenting the same questions, resolves itself into a general discussion of the scope and functions of the writ of certiorari.

[1] Appellants' main contention, however, is that the trial court erred in refusing to require the defendant county superintendent to make return of alleged facts, not of record, which might have the effect of showing that her original return was false. The theory of appellants seems to be that notices of the consolidation election were not signed by her as superintendent, and for that reason were void; that an election or vote in the absence of such notices was absolutely void, and therefore she was without authority to make the order of consolidation. The return to the writ contains a copy of the notice of election in due and proper form, signed by her as county superintendent. The return also recites that this notice was posted in three public places in each of the school districts affected, more than 10 days prior to the date of the election. The statute does not require an affidavit or other evidence of the posting of such notices to be made or filed in the office of the superintendent or elsewhere. No official record or proof of the posting of such notices exists, or is required by the statute. The certification by the county superintendent of the fact of posting, as a part of the return to the writ, is a proper and the only mode by which it may be made to appear in answer to the writ. The truthfulness of the return appears to be challenged by appellants' motion in the trial court to require her to return the original posted notices, which appellants seem to claim were in fact not by her. Such additional return was evidently sought, and intended to traverse and to demonstrate the falsity of the original return.

[2] The county superintendent having certified and returned that the notices of election were duly posted and were signed by her, the effect of appellants' motion was to require her, to make an additional return, certifying a matter not of record, viz. that the notices posted were not signed. It was evidently the view of the trial court that it could not thus control her return. The trial court was not in error. It was merely an attempt on the part of appellants, in an indirect way, to try an issue of fact in certiorari proceedings.

[3] An amended return will not be required or allowed where it is in effect an attempt on affidavits to traverse the return and to obtain an adjudication that the return is not true. State v. Oconomowoc, 104 Wis. 622, 80 N. W. 942; Borchard v. Ventura County, 144 Cal. 10, 77 Pac. 708; Warren v. Boston Street Com'rs, 183 Mass. 119, 66 N. E. 412.

[4] So-called "quasi judicial" action of an inferior court, board, officer, or tribunal may be reviewed upon certiorari in so far as facts in the record condition an administrative act.

When an inferior officer or board. is charged with an administrative duty, the performance of which, as an administrative act, depends upon and requires the existence or ascertainment of facts, the investigation and determination of such facts is so-called judicial action.

Section 2, c. 194, Laws 1913, requires that:

"Before any steps are taken in organizing a consolidated school district" certain things must be done, and then (chapter 218, Laws 1917), "upon the presentation to the county superintendent of a petition signed by at least twenty-five (25) per cent. of the electors of each district affected, asking for the formation of consolidated school district * * *" the county superintendent shall call an election, and shall give notice thereof, and if three-fourths or more of the votes cast at such election are for consolidation, "the county superintendent shall make the proper orders to give effect to such vote," etc.

[5, 6] Under this statute (chapter 218, Laws 1917), the county superintendent is required, before the administrative duty or authority to make the order of consolidation is called into existence, to ascertain and determine whether the petition is signed by the required number of electors of "each district affected." The kind of evidence upon which the superintendent may act is not material to the question of jurisdiction. The superintendent is given authority or "jurisdiction" to examine the evidence and determine the fact. But mere error in such determination is not reviewable upon certiorari, because hearing the evidence and determining the fact is, in itself, the exercise of "jurisdiction," even though erroneous, and such officer, upon the face of the return, is neither acting without jurisdiction nor in excess of jurisdiction.

[7] The term "jurisdiction" has no application to administrative acts. The act of the county superintendent in making an order for the consolidation of school districts is strictly administrative. The statute requiring the making of the order is mandatory when the necessary facts are ascertained to exist. The county superintendent is given "jurisdiction" to determine the existence of such facts. State ex rel. Isaacson v. Parker, 40 S. D. 102 166 N. W. 309. The "jurisdiction" does not arise from the facts, but is conferred by the statute.

[8] Certiorari, under our statute, lies only when an inferior court, officer, board or tribunal has "exceeded their jurisdiction." Code Civ. Proc. § 754. The writ does not lie to correct errors of law, such as may arise in passing upon the competency or sufficiency of evidence, which jurisdiction or authority is given to pass upon the questions involved. White v. San Francisco Superior Court, 110 Cal. 60, 42 Pac. 480; People v. Lindblom, 182 Ill. 241, 55 N. E. 358; Leheigh S. P. Co. v. Leheigh, 156 Iowa, 386, 136 N. W. 934; State v. Dist. Court, 27 Mont. 179, 70 Pac. 516; Finn v. District Court, 145 Iowa, 157, 123 N. W. 1066; Gillian v. Edwards, 176 Iowa, 499, 156 N. W. 805; Kammann v. City of Chicago, 222 Ill. 63, 78 N. E. 16. In a number of states as in Georgia, Michigan, Minnesota, New Hampshire, New Jersey, North Carolina, Tennessee, West Virginia, and perhaps New York and Washington, the scope of the writ has been enlarged by statute. 11 Corpus Juris. 197, § 347.

[9] The distinction between the writ of certiorari and the writ of prohibition lies mainly in the different modes in which the question of lack of administrative authority, or excess of jurisdiction, may be presented for review. The writ of certiorari brings up for review only the record of the proceedings before the inferior court, officer, board, or tribunal, and the question must be determined upon that record alone. The writ of prohibition brings before the court the evidence of all the facts alleged in the petition for the writ, the allegations of which may be denied or controverted by the answer and an issue of fact thus framed, as in mandamus. Code Civ. Proc. §§ 769, 780.

This rule is recognized in State ex rel. v. Costello, 36 S. D. 76, 153 N. W. 910. The only purpose for which matters dehors

the record may be required to be returned is to enable the reviewing court to determine whether there was any evidence before the administrative officer which in his judgment established the facts essential to the exercise of the administrative power or authority in question, but the reviewing court cannot retry an issue of fact upon such evidence in a certiorari proceeding.

[10] Acts wholly administrative, and not conditioned upon quasi judicial investigation, cannot be controlled by either writ. Such was the holding of this court in the case of Byrne v. Ewert, 36 S. D. 622, 156 N. W. 90. That case involved no question of judicial or of quasi judicial action. The act sought to be prohibited was purely an administrative act, and required no investigation or determination of facts as the basis of authority to perform the act. Such an act cannot be controlled either upon certiorari or prohibition. Stephens v. Jones, 24 S. D. 97, 123 N. W. 705; State ex rel. Isaacson v. Parker, 40 S. D. 102, 166 N. W. 309.

[11] The return to the writ on its face discloses that the county superintendent was not acting without jurisdiction nor in excess of jurisdiction as such officer, and the order of consolidation cannot be reviewed in this proceeding. Whether such order may be shown in some other form of judicial proceeding to be void for want of a petition signed by the requisite number of electors, or because no valid or sufficient notice of election was given, we are not called upon to consider upon this appeal.