STATE EX REL. BONNERS FERRY LUMBER CO., LTD., REALTOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,462.)

(Submitted January 19, 1924. Decided January 29, 1924.)

[222 Pac. 1050.]

*Supervisory Control—Change of Venue—When Writ not Available.*

Supervisory Control—Showing Required.
1. Unless petitioner for writ of supervisory control can show in his application that the district court in its action sought to be reviewed has acted so arbitrarily, unlawfully and with such disregard of his rights as to be tyrannical, and that the remedy by appeal or other constitutional writ is neither plain, speedy nor adequate, the writ will not issue.

Same—Change of Venue—When Writ Does not Lie.
2. *Held*, that since an order denying a change of venue is reviewable on appeal from the final judgment, and in the absence of a showing that the court in making the order was guilty of such disregard of the rights of petitioner as to be tyrannical, the writ of supervisory control does not lie to compel transfer of the cause. (*State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030, so far as it holds otherwise, overruled.)

Original application by the State, on the relation of the Bonners Ferry Lumber Company, Limited, for writ of supervisory control to the District Court of the Second Judicial District in and for Silver Bow County and Joseph R. Jackson, as Judge thereof. Application denied.

*Messrs. Clapp, Richardson, Elmquist, Briggs & Macartney,* of the Bar of St. Paul, Minnesota, *Mr. B. F. Maiden* and *Messrs. Norris, Hurd & Rhoades,* for Relator.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Silver Bow county, wherein George W. Atkinson is plaintiff, and the Bonners Ferry Lumber Company, Limited, a corporation, is defendant, a motion for change of venue was timely made by defendant, but overruled. Thereupon application was presented here, and this court is asked to exercise its power of supervisory control and compel the transfer of the cause to Lincoln county for trial. Assuming, for the purposes of the application only, that the trial court erred in its ruling upon the motion, we are confronted with the inquiry: Should this court interfere prior to a trial of the cause upon the merits?

In *State ex rel. Interstate Lumber Co.* v. *District Court,* [1, 2] 54 Mont. 602, 172 Pac. 1030, the writ of supervisory control was issued and an order granting a change of venue was annulled. The decision in that case is relied upon to justify this application. In that case, however, the principal question presented was whether the order granting a change of venue was proper, and to that question the attention of this court was directed primarily, with but little consideration given to the incidental question of procedure.

Likewise in *State ex rel. Western Accident & Indemnity Co.* v. *District Court,* 55 Mont. 330, 176 Pac. 613, upon application for a writ of supervisory control to annul an order granting a change of venue, the merits of the motion were con-

sidered and determined without reference to the question of procedure.

The decision in the *Interstate Lumber Company Case,* in so far as it countenances the use of the writ of supervisory control to correct an alleged error in granting a change of venue upon the showing made in that case, is so manifestly erroneous that it ought not to stand of record unchallenged to mislead litigants and their counsel.

In *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395, it was said that the power of supervisory control was conferred upon this court to enable it to control the course of litigation in the inferior courts where those courts, proceeding within jurisdiction, but by mistake of law or willful disregard of it are doing gross injustice, and there is no appeal or the remedy by appeal is inadequate; or, in other words, the power was conferred to enable this court to meet exigencies with which neither its original nor its appellate jurisdiction is commensurate.

In *State ex rel. Moore* v. *District Court,* 25 Mont. 31, 63 Pac. 686, the supervisory power of this court was invoked to compel the district court of Silver Bow county to sustain a motion for judgment on the pleadings in an action pending therein. The application was denied, and in the elegantly concise language of Mr. Justice Pigott the court said: ''The application is plainly so devoid of even the semblance of merit that its further consideration is needless.''

In *State ex rel. Hennessey* v. *District Court,* 26 Mont. 274, 67 Pac. 625, the writ was sought to annul an order of the trial court refusing the petition of a litigant for a survey and inspection of the underground workings of a mine. In denying the application the court said: ''The question involved, if properly reserved, may be reviewed on appeal from the judgment finally rendered in the cause, and no exigency is shown requiring immediate interference by this court.''

In *State ex rel. Harris* v. *District Court,* 27 Mont. 280, 70 Pac. 981, the writ was sought to correct the alleged error of the district court in sustaining an objection to the introduc-

tion of evidence in the case of *Harris* v. *Root*. The application was denied, and this court said: "The writ of supervisory control cannot be successfully invoked, for it may be employed only in exigent cases to remedy manifest wrongs which cannot be otherwise righted. [Citing cases.] Should the writ issue upon the present application, it would lie to correct each and every mistake of district courts, and in great measure supplant the ordinary appeal. Such is not its office."

In *State ex rel. Shores* v. *District Court,* 27 Mont. 349, 71 Pac. 159, the supervisory power of this court was invoked to annul an order of the district court refusing a continuance in a disbarment proceeding. In denying the application we said: "To arrest the proceeding and compel a postponement would require this court to anticipate an adverse judgment by the trial court, while, if such result was to be anticipated, it will follow in any event, and a review on appeal be thus made necessary. It is true that an adverse judgment would perhaps fix the status of Mr. Shores with reference to his office in the meantime, so that he could not engage in practice; the statute apparently making no provision for a stay of the judgment. Still such, or a similar wrong, is one of the incidents of every erroneous judgment, and the possibility of its occurrence does not justify the interference by this court in the proceedings prior to judgment; otherwise every manifest wrong during the course of a trial in a district court would justify such interference. For example, if a district court should refuse to sustain a demurrer to an information or an indictment which did not state an offense, or to a complaint on the ground that it did not state a cause of action, when it did not, this would be a manifest wrong, yet this situation may and does frequently arise. Interference in this case would open the door for a like interference in the cases used for illustration, with the result that this court, would be constantly employed in the hearing and determination of applications like the one under consideration; thus rendering useless, in great measure, its appellate jurisdiction. This may not be done. If the judgment in the case should be ad-

verse, an appeal from it would furnish a remedy as complete and adequate as the court can furnish in any case, and would be preventive of any wrong whatever except such as would be an incidental result of any erroneous judgment, for which, owing to the imperfection of human institutions, no remedy has as yet been devised, except to correct it by the ordinary procedure in the trial court, or upon review by the appellate court."

In *State ex rel. Clark* v. *District Court*, 30 Mont. 442, 76 Pac. 1005, this court was asked to employ the writ of supervisory control and annul an order of the district court of Silver Bow county refusing to transfer a criminal case from one department of the court to another department for trial. In denying this application this court said: "The power of this court now invoked was vested in it, not for the purpose of interfering at every stage of the proceedings in the district court, and directing the conduct of the business there, but only under extraordinary circumstances, where there is no other remedy, and a party litigant is, by some wrong committed by the court, liable to suffer irreparable injury. In this case it does not appear that, if the court proceeds to a determination of the accusation, the relator will suffer any injury or wrong for which an appeal will not furnish him an adequate remedy. It is true that, if found guilty, he will be ousted from office pending his appeal to this court, and such result will fix his status in the meantime. The possibility of this result, however, does not justify this court in using its extraordinary power to grant him relief. This court cannot anticipate that he will be convicted, or that during the progress of the trial he will not have afforded to him every opportunity to make his defense. If it be prejudicial for Judge Harney to sit in the cause and try it in violation of the rule, such error would be available on appeal, and would result in a reversal of the judgment."

In *State ex rel. Heinze* v. *District Court*, 32 Mont. 579, 81 Pac. 345, the writ was sought to prevent the district court striking a pleading from the files. The application was de-

nied, and we said: "The writ of supervisory control is one to be seldom issued, and then only when other writs may not issue and other remedies are inadequate, and when the acts of · the court complained of as threatened will be arbitrary, unlawful, and so far unjust as to be tyrannical."

In *State ex rel. Butte Land & Investment Co.* v. *District Court,* 37 Mont. 226, 95 Pac. 843, the applicant sought to have this court annul an order of the district court refusing to revoke the appointment of a referee. In declining to interfere, this court said: "Suppose the district court· erred in its interpretation of the contract and the defendant had been compelled to produce its books after such error. These are all matters that may occur in any case and must be corrected, if at all, on appeal."

In *State ex rel. Grogan* v. *District Court,* 44 Mont. 72, 119 Pac. 174, the writ was sought to annul a judgment. The application was denied because other efficient remedies were available, and this court said: "The supervisory power of this court was examined, and its functions tentatively defined, in *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395. It has been invoked in many cases since that decision was rendered, but has always been confined in its use to exigencies arising during the progress of litigation in inferior courts, to remedy manifest wrongs which cannot otherwise be righted, and which will result in irreparable damage unless relief is granted."

In *State ex rel. Nipp* v. *District Court,* 46 Mont. 425, Ann. Cas. 1916B, 256, 128 Pac. 590, the purpose of the application was to have this court by the exercise of its power of supervisory control vacate an order of the district court awarding the custody of a minor child. We declined to interfere and said: "The purpose of this proceeding [supervisory control] is not to correct mere error within jurisdiction, except in so far as this is necessary in order to prevent irreparable injury to a litigant resulting from arbitrary or oppressive action by an inferior court."

In *State ex rel. Topley* v. *District Court,* 54 Mont. 461, 171 Pac. 273, the writ was sought to annul an order refusing to set aside a decree of divorce. The application was denied, and the court said: "The order referred to is appealable; the time for appeal has not expired, and will not expire for yet a little while. No hardship peculiar to the case or different from that suffered by all appellants is presented, and the special interest in the state claimed as sufficient to warrant this interposition would justify a motion to advance. This proceeding will not lie unless there is no appeal or the remedy by appeal is inadequate (*In re Weston,* 28 Mont. 207, 72 Pac. 512; *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612); and we cannot permit it to be used as a convenience or shorter route to precedence over other causes equally entitled to our consideration."

In *State ex rel. Hubbert* v. *District Court,* 54 Mont. 472, 171 Pac. 784, the supervisory power of this court was invoked to have annulled an order of the district court refusing to vacate an order appointing a receiver. It was held that the remedy by appeal was plain, speedy and adequate, and the application was denied.

In *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741, it was said: "The writ of supervisory control is in the nature of a summary appeal, and the last refuge whereby relief may be had. It will issue only when there is no other plain, speedy or adequate remedy at law by appeal or other constitutional writ,"—and that language was quoted approvingly in *State ex rel. Rubin* v. *District Court,* 62 Mont. 60, 203 Pac. 860.

The foregoing cases will suffice to indicate the general character of the power of supervisory control and the limitations upon its exercise. If the present application be granted, no valid excuse could be offered for refusing a like application to review any alleged erroneous ruling of a trial court from the time an action is instituted until the final judgment is rendered, and, if such procedure were once adopted and followed, the time of this court would be consumed in

hearing and determining such applications, with the result that the appellate jurisdiction would be destroyed for all practical purposes. If, upon the trial of the case of *Atkinson* v. *Bonners Ferry Lumber Co.,* the defendant therein prevails, the error, if error was committed in refusing a change of venue, will become harmless. If, on the other hand, plaintiff prevails and exception to the court's ruling upon the motion for change of venue is properly reserved and presented, the alleged error will be subject to review upon appeal from the final judgment and adequate relief obtainable. (*State ex rel. Independent Pub. Co.* v. *Smith,* 23 Mont. 329, 58 Pac. 867.) We do not mean to say that an exigent case may not be presented which will justify the exercise of this extraordinary power to correct a manifest wrong resulting from an erroneous ruling upon an intermediate question arising in the course of litigation; but we do say that upon the showing made in the *Interstate Lumber Company Case,* and in this instance, the remedy by appeal from the final judgment must be held to be plain, speedy and adequate.

So far as it countenances the use of the writ of supervisory control to correct an alleged erroneous ruling upon motion for change of venue upon the showing there made, the decision in *State ex rel., Interstate Lumber Co.* v. *District Court,* above, is expressly disapproved and overruled.

The present application does not disclose that in denying the motion for a change of venue in *Atkinson* v. *Bonners Ferry Lumber Co.* the trial court acted arbitrarily, unlawfully, or with such disregard for the rights of the defendant as to be tyrannical. The application is denied, and the proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.