STATE EX REL. KLEIN, RELATOR, *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,427.)

(Submitted March 23, 1907. Decided March 25, 1907.)

(90 Pac. 161.)

*Supervisory Control—Premature Application—Remedy by Appeal—Probate Courts—Executors.*

1. The executor of an estate was charged by certain legatees with mismanagement of the estate, with neglect of duty and with the commission of a fraud upon their rights in dealing with the assets of the estate for his personal profit, and the court was asked for his removal, and that he be made to account for all profits so made by him.

After a partial hearing, the court expressed the opinion that the executor must be held to account as trustee and required to pay over any profits derived by him through his dealings with the trust funds. No final order, however, was made in the premises. The executor thereupon applied to the supreme court for a writ of supervisory control. *Held*, that the application was premature, since the appellate court may not anticipate that upon final determination the district court will reach a wrong conclusion, that in any event an effective remedy is provided by appeal, under Act of 1899 (Laws 1899, p. 146), and that therefore the writ does not lie.

ORIGINAL application by the state, on the relation of Jacob Klein, personally and as executor of Henry Klein, deceased, for a writ of supervisory control to the district court of the first judicial district and the Honorable J. M. Clements, a judge thereof. Writ denied.

*Messrs. Walsh & Newman,* for Relator.

*Messrs. Carpenter, Day & Carpenter, Messrs. Word & Word, Mr. Wm. T. Pigott,* and *Mr. J. U. Sanders,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of supervisory control. On February 15, 1907, certain of the legatees under the last will and testament of Henry Klein, deceased, filed a petition in the district court of Lewis and Clark county, wherein is pending the administration of the estate, charging Jacob Klein, the executor, with mismanagement of the estate, neglect of his duty and the commission of a fraud upon the rights of the petitioners as legatees, and asking that he be removed from his office. The petition further asked that he be made to account to the estate for all profits made by him out of a purchase of eight thousand shares of the capital stock of the Snowstorm Mining Company, a corporation, which, it is alleged, amount to the sum of $24,000, for that, in making the purchase thereof, the said Jacob Klein used his position as executor and thus obtained said profits under and by virtue of his office. In obedience to a citation issued, the said Klein appeared and denied specifically all the

charges of wrongdoing on his part, and alleged that the mining stock in question was purchased by him in his own right, with his own money, and that the estate has no interest therein.

It appears from the petition filed in this court that the issues presented by the petition and the answer of the executor are still pending in the district court, that the hearing has been partially had, and that the court has expressed the opinion that the said Klein must be held to account as trustee and required to pay over to the estate whatever profits he has derived from the purchase of said stock, but no final order in the premises has yet been made. Under these circumstances we are of the opinion that the application to this court is premature, even though it be conceded, as the relator contends, that the district court sitting as a court of probate has no power to determine the question of title to the mining stock as between him and the estate.

Further, sections 2540 to 2544 of the Code of Civil Procedure. require the district court, either upon its own motion or upon the application of anyone interested in the estate, to remove an administrator or executor for mismanagement of the estate or neglect of duty, and it is its duty to do so whenever the charge of mismanagement or neglect is established. Incidentally, also, it is clearly within the power of the court to require such an executor or administrator to turn over to his successor who may be appointed by the court, all property belonging to the estate which has come into his hands under and by virtue of his office. In determining the issues involved the court may decide wrong as well as right; nevertheless, it has jurisdiction to proceed to hear and determine the whole matter. Although the district court has expressed the opinion that the executor in this case has been guilty of wrongdoing, and has indicated its determination to hold that the said mining stock or profits derived from its purchase belong to the estate, and thus has intimated its purpose to determine the rights of Jacob Klein summarily, this court may not anticipate that upon the final determination of the controversy the district court will reach a wrong conclusion. If,

in making the final order, the court should go beyond the power granted by the sections referred to, the executor has the right of appeal, under section 1722 of the Code of Civil Procedure, as amended by the Act of 1899 (Sess. Laws 1899, p. 146). This remedy will be effective. In any event, this court may not interfere until the district court has made some order in the premises which is subversive of the rights of the relator. The writ is accordingly denied.

*Writ denied.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.