STATE ex rel. PUTNAM et al., Relators, v. DISTRICT COURT et al., Respondents.

(No. 7,992.)

(Submitted September 26, 1939.   Decided November 1, 1939.)

[95 Pac. (2d) 441.]

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Enor K. Matson,* First Assistant Attorney General, and *Mr. Warren Toole,* General Counsel for Relators, submitted a brief; *Mr. Toole* argued the cause orally.

*Mr. Joseph P. Monaghan,* for Respondents, submitted a brief, and argued the cause orally.

HONORABLE FRANK P. LEIPER, District Judge, sitting with consent of both parties, delivered the opinion of the court.

So far as material here, the facts out of which this controversy arose are as follows: Seven citizens of Silver Bow county applied to the Montana Liquor Control Board for a license to sell intoxicating liquors at retail. The applicants duly tendered two hundred dollars in payment of the license fee. The relators herein assert that the fee required by law to be paid for the license thus applied for is six hundred dollars, and upon the refusal of the applicants to pay that sum, the application was denied. Thereupon such applicants brought an action in the District Court of Silver Bow County wherein they seek a writ commanding the relators herein to issue such license upon the payment of the fee of two hundred dollars. In that action the applicants tender payment of that amount. The relators herein appeared in the district court action and there filed a demand and notice for change of place of trial to Lewis and Clark county.

There is much controversy as to whether such demand was in due form and whether it was timely, but the conclusion at which we have arrived renders unnecessary the determination of those matters. Suffice it to say that the District Court of Silver Bow County denied the motion for change of place of trial. Thereupon this proceeding was commenced. The relators here seek a writ prohibiting the District Court of Silver Bow County and the Honorable T. E. Downey, Judge thereof, from any further proceedings in the matter, except to transfer the same to the District Court of Lewis and Clark County.

The district court acted within its jurisdiction in denying the motion for change of place of trial. It has jurisdiction to hear and determine that cause.

An appeal lies from any final judgment rendered in the district court action (subd. 1, section 9732, Revised Codes of 1935), and likewise an appeal lies from the order of the district court denying the motion for change of place of trial. (Subd. 3, sec. 9732, supra.) Does such appeal furnish a plain, speedy and adequate remedy? The relators here assert that the remedy thus afforded is inadequate in that the license in question, if issued, will expire at the commencement of the year 1940; that before an appeal can be perfected from any judgment rendered by the district court and heard and determined in this court, the time covered by such license will have expired, and therefore the question involved will have become moot; further, that the state will be deprived of certain revenues and that the questions herein involved will remain undetermined. Counsel for relators cite a number of Montana cases which, they assert, support their position that the writ applied for should issue. An analysis of all of those cases would unduly extend this opinion. A careful analysis of those cases discloses that an entirely different situation is shown to have existed. Two of the cases thus cited serve as an illustration: namely, *State ex rel. Lane* v. *District Court,* 51 Mont. 503, 154 Pac. 200, L. R. A. 1916E, 1079; and *State ex rel. Thibodeau* v. *District Court,* 70 Mont. 202, 224 Pac. 866, 868. In the last cited case the defendant was charged with the unlawful possession and sale of intoxicating liquor. Search warrant was issued, search made, and some intoxicating liquors seized. Motion was duly made for the suppression of the evidence obtained under the search warrant upon the ground that the search warrant was unlawfully issued. This court found that the issuance of the search warrant was unlawful. The trial court denied the motion to suppress. This court there points out that the introduction of the evidence procured by the unlawful search would constitute reversible

error, and then quotes, with approval, from the opinion in the case of *State ex rel. Lane* v. *District Court,* supra, as follows: " 'Whenever it is made to appear, as in this instance, that under no conceivable circumstances can the district court render a valid judgment' the writ should issue. Why should the state seek to burden itself with the labor and expense of a useless trial? Why should the citizen, presumed to be innocent, be subjected to the humiliation and expense of a trial when no valid judgment can be rendered against him?'' But an entirely different situation exists in the instant case. The district court may therein render a valid judgment. Even if it be assumed that the district court committed error in denying the motion for change of place of trial (this we do not now decide), yet it may render a judgment denying the writ of mandate, in which case the relators herein have no cause for complaint. The district court has not yet acted upon the merits of the cause. This court may not anticipate what that final judgment will be. Counsel's argument assumes that the judgment of the district court will be adverse to the relators herein. Such assumption is unwarranted.

Counsel for relators have directed our attention in their brief, as well as in oral argument, to the provisions of section 2409, Revised Codes of 1935. That section provides, in part, as follows: "Whenever any license fee is demanded of any person for the use and benefit of the state of Montana, and the same is deemed unlawful by the person from whom the same is demanded, such person may pay the same, or so much thereof as may be deemed unlawful, under protest to the state treasurer, who shall deposit the same in a special fund to be designated 'Protest License Fund'; and thereupon the person paying, or his legal representatives, may bring an action in a court of competent jurisdiction against the state treasurer to recover the same, without interest; * * * .''

While not material to a decision in this case, it may be remarked, in passing, that that procedure, if exclusive, would seem to furnish an adequate remedy to applicants for a liquor license,

since the writ of mandate may not issue where there is a plain, speedy, and adequate remedy at law.

The principles of law herein involved are discussed by this court in the case of *State ex rel. Bonners Ferry Lumber Co., Ltd.,* v. *District Court,* 69 Mont. 436, 222 Pac. 1050, and the cases therein cited. During the present term, this court heard and decided the case of *State ex rel. Hall* v. *District Court,* post, p. 228, 95 Pac. (2d) 438. That case involved an application for a writ of supervisory control. Therein are set forth our reasons for denying the writ and are cited many authorities in support thereof. The reasons for denying the writ in that case apply with equal force to this cause, and the authorities there cited are applicable here. Since the principles involved in the two cases are practically the same, further expression of the reasons for our conclusion in this case would be but a repetition of the views expressed in the case last above cited. That would serve no useful purpose.

We are of the opinion that the remedy by appeal from the order or judgment of the district court affords adequate relief; and, therefore, the motion to quash the alternative writ is granted and this proceeding dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.