PINCUS, RESPONDENT, *v.* MUNTZER, APPELLANT.

(No. 2,313.)

(Submitted November 9, 1906. Decided November 26, 1906.)

*Sales—Personal Property—Delivery—Warranty of Title—Evidence—Statutes of Limitations—Written Obligations.*

Sales—Personal Property—Delivery—Evidence—Sufficiency.

1. Evidence, in an action to recover for the breach of a guaranty to deliver certain personal property, which showed that the goods had been sold to one M., who took possession and transferred the bill of sale evidencing the transaction to one P., with the indorsement that he would "guarantee delivery of same"; that P. resold the property, and that thereafter he found a claim outstanding against certain of the goods and told his grantee to keep the property, that he would satisfy the claim and did so,—in the absence of anything to show that P. prior to reselling had taken possession, or if he attempted to do so, had been prevented from doing it,—was insufficient to show a breach of the guaranty to deliver the property sold, since the only reasonable inference that could be drawn from it was that P. (plaintiff) or his grantee had actually secured possession.

Same—Bill of Sale—Guaranteeing Delivery—Warranty.
2. An indorsement on a bill of sale by the buyer of personal property on a resale thereof that he would ''guarantee delivery of same'' does not constitute a warranty of title.

Statutes of Limitations—Written Obligations.
3. The instrument in writing mentioned in section 512 of the Code of Civil Procedure as the foundation of a contract for the breach of which an action must be brought within eight years, is one which in itself contains a contract to do the particular thing for the nonperformance of which the action is brought, and not one which by implication may be said to be in writing.

Sales—Personal Property—Warranty of Title—Statutes of Limitations.
4. Where the transfer of personal property was evidenced by a bill of sale, to which the purchaser, upon reselling the goods, added an indorsement guaranteeing delivery, but not expressly warranting title, the language of section 2372 of the Civil Code, which provides that the seller of goods impliedly warrants a good title, may not be read into the indorsement and thereby a written warranty created, so as to make the statutory limitation of eight years, mentioned in section 512 of the Code of Civil Procedure, in which an action on a contract founded upon a written instrument must be brought, applicable to a suit for a breach of a warranty of title to the property sold.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by A. Pincus against Henry Muntzer. From a judgment for plaintiff and an order denying his motion for a new trial, defendant appeals. Reversed and remanded.

*Messrs. Kirk & Clinton,* and *Mr. Chas. A. Wallace,* for Appellant.

*Mr. J. L. Wines,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In January, 1898, Morris Maloney and May Hannan sold to Henry Muntzer certain personal property and evidenced the transaction by a bill of sale in which there is an itemized list of the property sold. Among the items two pianos are mentioned. Muntzer took immediate possession of the property and on the same day made this indorsement on the bill of sale and then delivered it to A. Pincus, viz.:

"Butte, Jany. 3, 1898.

"I hereby transfer the within bill of sale to A. Pincus and guarantee delivery of same.

"HENRY MUNTZER."

Soon after Pincus had taken the bill of sale with this indorsement on it, he discovered that Mr. Fred. Orton had owned the pianos mentioned and had sold them to Maloney and Hannan upon a conditional sale, the installment plan or such other arrangement, that in fact Orton had an outstanding claim against the pianos for something like $85. This claim Orton reduced to judgment on October 11, 1899, and this judgment Pincus was obliged to satisfy in order to retain the pianos. After satisfying the Orton judgment, Pincus brought this action on July 5, 1904, against Muntzer for damages by reason of the failure of Muntzer to deliver to Pincus the two pianos, and by reason of the failure of title in Muntzer. The complaint alleges that the sale of the property from Muntzer to Pincus was evidenced by an instrument in writing. The answer denies every allegation of the complaint and pleads the bar of the statute of limitations. The trial in the district court resulted in a verdict and judgment in favor of the plaintiff, and from this judgment and an order denying his motion for a new trial, the defendant appeals.

It is argued by counsel for appellant, that the indorsement on the bill of sale does not constitute a guaranty of title of any of the property mentioned in the bill of sale. The complaint seems to be drawn in such manner as to justify recovery either for a breach of a warranty to deliver possession, or for a breach of a warranty of title. We may assume, without deciding, that the legal effect of the indorsement on the bill of sale is to guarantee delivery of possession of the property to Pincus, but the evidence is wholly insufficient to sustain the charge that there was any violation of that agreement or breach of that guaranty. The testimony shows that, when the indorsement was made, Muntzer was in possession of the property. Pincus took the bill of sale with the indorsement and immediately resold the property to one Hanson. The record wholly fails to show whether

Pincus took possession of the property, whether he attempted to do so, or whether, if he made such attempt, he was in any manner prevented from accomplishing his purpose. He states that he was informed that Orton had a claim on the pianos; that he notified Hanson of this claim; that he told Hanson to keep the pianos, and that he would stand between him and anyone claiming them; and, finally, that he had to pay the amount of the Orton judgment—about $95, with the costs included. The only reasonable inference to be drawn from this testimony is that Pincus actually secured possession of the property, or, at least, that his grantee, Hanson, did so. In any event, there is absolutely nothing to show a failure on Muntzer's part to make delivery.

The other theory of the action is, that it seeks to recover damages for a breach of a warranty of title to the two pianos. But there is not any such warranty contained in the indorsement. As stated before, at most it can be said to amount to nothing more than a guaranty that possession of the property would be delivered by Muntzer to Pincus; and this is a wholly different matter from a warranty of title in Muntzer. If plaintiff must rely upon an oral agreement or an implied guaranty, his cause of action was barred long before this action was commenced.

But it may be said that the action proceeds upon the theory that the sale from Muntzer to Pincus was evidenced by an instrument in writing, and, although it does not contain any express warranty of title, the statute (Civil Code, sec. 2372) reads into it a warranty of title to the same extent as if the language of the statute had been written into the indorsement in full, and therefore the statute of limitations applicable is section 512 of the Code of Civil Procedure, and the period of eight years therein mentioned had not elapsed either from the date of the sale from Muntzer to Pincus, or from the date of the Orton judgment to the date of the commencement of this action. But section 512 above cannot be given a meaning to cover such a supposed case. The statute says that an action upon a contract, obligation, or liability founded upon an instrument in writing must be com-

menced within eight years. But the instrument in writing referred to must be one which, in itself, contains a contract to do the particular thing for the nonperformance of which the action is brought; in other words, that statute has no reference to an implied warranty. He who seeks to found his action upon an instrument in writing must show by express terms in the writing itself the very agreement the violation of which gives rise to his cause of action. (*Patterson* v. *Doe,* 130 Cal. 333, 62 Pac. 569; *McCarthy* v. *Mt. Tecarte L. & W. Co.,* 111 Cal. 328, 43 Pac. 956; *Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, 46 Pac. 899; 19 Ency. of Law, 2d ed., 272.)

As there is not any express warranty of title in the indorsement, plaintiff's cause of action was barred, so far as this theory of the case is concerned. We are not prepared, however, to say that, upon the other theory, a different showing might not be made upon another trial.

The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing decision.