NEVIN-FRANK COMPANY, RESPONDENT, *v.* HUBERT, EXECUTRIX, APPELLANT.

(No. 5,125.)

(Submitted April 5, 1923. Decided April 14, 1923.)

[214 Pac. 959.]

*Estates of Deceased Persons—Claims Against—Corporation Claimant—Verification—Sufficiency.*

Estates of Deceased Persons—Assigned Claims—Verification by Assignor not Required.

1. In the absence of statute so providing, a claim against the estate of a debtor held by assignment need not be verified by the assignor.

Same—Claims—Sufficiency—How Tested.

2. While the facts upon which a claim against an estate must be stated and the claim verified substantially as required by law, it is not necessary that they be stated with all the details necessary to a complaint, and the sufficiency of the statement is not to be tested by the rules of pleading.

Same—Corporation ·Claimant—Verification by President—Sufficiency.

3. *Held,* that where the claim of a corporation against an estate as presented to the executrix was otherwise sufficient, the fact that the verification made by its president in its behalf did not contain the statement that the claimant was a corporation, a fact admitted at the trial by defendant executrix, did not render it fatally defective.

Corporations—Affidavit by Officer—Act of Corporation.

4. Where a proper officer of a corporation makes an affidavit for it and in its name, the affidavit is the act of the corporation.

*Appeal from District Court, Silver Bow County; Jos. R. Jackson, Judge.*

ACTION by the Nevin-Frank Company against Rosa Hubert, executrix of the last will and testament of John Hubert, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mr. John Lindsay,* for Appellant, submitted a brief, and argued the cause orally.

If the claim against an estate is held by assignment after the death of the debtor, the affidavit must be made by both the assignor and assignee. (*Woerner's American Law of Administration,* 2d ed., sec. 389; 24 C. J. 358; *Stone* v. *Kaufman,* 25 Ark. 186; *Triplett* v. *Atwood,* 133 Ark. 181, 202 S. W. 817.) The test is the knowledge of the facts, and who can better know the facts than both the assignor and the assignee?

It was held by this court in the case of *The Ullman Co.* v. *Adler,* 59 Mont. 232, 196 Pac. 157, that there must be a substantial compliance with the requirements of every provision of section 7526 of the Revised Codes of 1907, specifying the requisites of a verification of a claim against the estate of a decedent; and, where there is no such compliance, the claim is ineffectual as a basis for legal liability. And if the claimant be a corporation, the affidavit may be made by an agent having personal knowledge of the facts required to be sworn to. (*Woerner's American Law of Administration,* 2d ed., 808; *Detroit Automatic Scale Co.* v. *Torgeson,* 36 S. D. 564, 156 N. W. 87; *Maier Packing Co.* v. *Frey,* 5 Cal. App.

80, 89 Pac. 875; *Dakota National Bank* v. *Kleinschmidt,* 33 S. D. 132, 144 N. W. 934; 1 R. C. L. 762.)

*Mr. John E. Corette* and *Mr. Carl J. Christian,* for Respondent, submitted a brief; *Mr. Corette* argued the cause orally.

There are numerous cases to the effect that "a claim against an estate is not required to state the facts with all preciseness and detail required in a complaint, and its sufficiency is not to be tested by the rules of pleading." (*Elizalde* v. *Murphy,* 163 Cal. 681, 126 Pac. 978; *Hayner* v. *Trott,* 46 Kan. 70, 26 Pac. 415; *Britain* v. *Fender,* 116 Mo. App. 93, 92 S. W. 179; *Parkes* v. *Burkhart,* 101 Wash. 659, 172 Pac. 908; *Hamilton* v. *Blakeney,* 65 Okl. 154, 165 Pac. 141; *Tharp* v. *Jackson,* 85 Or. 78, 165 Pac. 585; *Cooper* v. *Griffin,* 13 Ind. App. 212, 40 N. E. 710; *Brown's Est.* v. *Stair,* 25 Colo. App. 140, 136 Pac. 1003; *White* v. *Almy,* 34 R. I. 29, 82 Atl. 397.) We believe that, under the cases above cited, the executrix was entirely unconcerned as to whether or not the claimant was a corporation or otherwise, and had she been interested in this matter it could very readily have been ascertained by her by inquiry from the claimant or by consulting the public records of Silver Bow county.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an action commenced by the Nevin-Frank Company against Rosa Hubert, as executrix of the last will and testament of John Hubert, deceased, on a promissory note executed by John Hubert to the Centennial Brewing Company in December, 1918, and by that company indorsed before maturity to the plaintiff. Hubert having died, the plaintiff as owner of the note in due time presented to the executrix a creditor's claim based thereon. The claim set out a copy of the note, with indorsements, and contained this statement:

"The Nevin-Frank Company is now, and since the 20th day of March, 1920, has been, the owner of the above-described note, and nothing has been paid thereon, and the full amount of $3,000 is justly due and payable to the said Nevin-Frank Company." The affidavit is as follows: "Lou Frank, president of Nevin-Frank Company, whose foregoing claim is herewith presented to the administrator of the estate of said deceased, being duly sworn, says that the amount thereof, to wit, the sum of three thousand and no/100 ($3,000.00) dollars, is justly due to the said claimant; that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of said affiant." This was subscribed and sworn to by Mr. Frank before a notary public. The executrix rejected the claim, whereupon the plaintiff in proper time commenced this action.

At the trial it was agreed that the Centennial Brewing Company and the Nevin-Frank Company were Montana corporations during all of the time material to the inquiry. There was no question but that the note was a valid obligation of John Hubert, and it was not contended that any part of it had been paid. Indeed, the only reason why it was not allowed as an acknowledged debt of the estate under the statute, is contained in the statement of counsel for the defense, addressed to the trial court, as follows: "The gist of the defense is insufficiency of verification of the claim, *   *   * for the reason that it does not appear from the said claim, or from the verification thereof, whether the said Nevin-Frank Company is or was a corporation."

Counsel for defendant argues: "Mr. Frank fails to state, either by implication or otherwise, that the Nevin-Frank Company is a Montana or other corporation; that he knows anything about the facts; and the verification does not show that it was made on behalf of a corporation by someone who knew what he was verifying." He cites authorities to the point that if the claim is held by assignment, after the death of

the debtor the affidavit must be made by both assignor and assignee.

We do not see merit in any of these contentions. The [1] record shows Lou Frank was president of the Nevin-Frank Company when he verified the claim. After thus describing himself he conformed strictly to the statutory words when he swore that "the sum of $3,000 is justly due to the said claimant, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant." (Sec. 10174, Rev. Codes 1921.) Touching the point that in some jurisdictions in like case the assignor must verify the claim, it is sufficient to say that here the statute does not require it.

Respecting the phraseology at the beginning of the affidavit [2, 3] it is plain that in the ordinary language of the business world the clear implication was that the Nevin-Frank Company was a corporation. It could not reasonably have been inferred that Nevin-Frank Company was a copartnership nor that Nevin-Frank Company was a fictitious name used by an individual in business. The word "president" denies any such inference. In view of the fact that the Nevin-Frank Company was a corporation at the time the claim was presented to the executrix, that Frank was then its president, that the note was an honest debt owing by John Hubert at the time of his death, the objection to the form of the claim is technical rather than substantial.

The law's requirement that all claims arising upon contracts must be presented to the administrator, verified by the claimant, within the period prescribed by the statute (secs. 10173, 10174), is a salutary one, designed for the protection of the estate and of all interested therein. It is designed to compel those having claims against an estate to present them within a limited time in order that the estate may be closed up speedily. The facts upon which the claim is based must be stated, and the claim verified, substantially as required by law. The purpose is that the administrator may be ap-

prised of the facts so that he may act advisedly in passing upon the merits of the claim presented. (*Scott Stamp & Coin Co.* v. *Leake,* 9 Cal. App. 511, 99 Pac. 731.) It is not required that a claim shall state the facts with all the details necessary to a complaint. Its sufficiency is not to be tested by the rules of pleading. (*Elizalde* v. *Murphy,* 163 Cal. 681, 126 Pac. 978; *Doolittle* v. *McConnell,* 178 Cal. 697, 174 Pac. 305; *In re Andersen's Estate,* 101 Or. 94, 198 Pac. 236; 11 R. C. L. 194.)

Inasmuch as the Nevin-Frank Company was a person within the meaning of that term, and itself was verifying the claim through one of its authorized officers, a statement of its corporate capacity was unnecessary, although it is fair to say that if the allegation had been made probably this litigation would not have arisen. When it is so easy to make these [4] simple averments, it is always better to do so. When a proper officer makes an affidavit for and in the name of the corporation his affidavit is the act of the corporation. (*Ullman Co.* v. *Adler,* 59 Mont. 232, 196 Pac. 157; *Thedin* v. *First National Bank, post,* 65, 214 Pac. 956; 1 Cal. Jur. 857.) That is the case here.

The court properly admitted the claim in evidence. When the defendant did not offer any testimony the court rightly rendered judgment for plaintiff. From that judgment this appeal was taken. It is without merit. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.