BURNETT, APPELLANT, *v.* NERAAL, ADMINISTRATOR, RESPONDENT.

(No. 5,122.)

(Submitted April 5, 1923. Decided May 1, 1923.)

[214 Pac. 955.]

*Estates of Deceased Persons — Claims Against — Promissory Notes—Copy of Note must Accompany Claim.*

1. Under section 10177, Revised Codes of 1921, a claim against the estate of a decedent founded upon a promissory note which is neither lost nor destroyed must be accompanied either by the original note or a copy of it when presented to the executor or administrator for allowance; where not so accompanied the claim may properly be rejected.

*Appeal from District Court, Glacier County; John J. Greene, Judge.*

ACTION by Mary F. Burnett against Paul O. Neraal, as administrator of the estate of Glen Bisard, deceased. From judgment for defendant the plaintiff appeals. Affirmed.

*Mr. Wiley J. Shannon,* for Appellant, submitted a brief and argued the cause orally.

No appearance in behalf of Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

While the estate of Glen Bisard, deceased, was in process of administration, Mary F. Burnett presented to the defendant, Paul O. Neraal, as administrator of the estate, a duly verified claim for money alleged to be due her on an open account and also upon a promissory note. No question is made concerning the sufficiency of the claim upon the account. Neither the original nor a copy of the note was attached to or accompanied the claim as presented to the administrator.

In passing, we observe that the claim does not advise who made the note nor to whom it was payable, but in view of what follows inquiry as to this is immaterial. The claim having been rejected, action was commenced within the time prescribed by statute. Upon trial the court entered judgment for plaintiff for the amount due on the open account but disallowed that claimed on the note for the reason that neither the original nor a copy thereof was attached to or accompanied the claim. Plaintiff appeals from the judgment.

Section 10174, Revised Codes of '1921, provides for the presentation to the executor or administrator of claims against an estate and specifies how such shall be verified. It does not in terms set forth any requisite as to the substance or form of the claim to be presented, except that it does make provision

that if the claim be not due when presented, or be contingent, the particulars of such claim must be stated.

Section 10177, after saying in substance that every claim [1] allowed by the executor or administrator, and approved by the judge, must within thirty days thereafter be filed in the court and be ranked among the acknowledged debts of the estate, to be paid in due course of administration, continues: "If the claim be founded on a bond, bill, note, or other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it be lost or destroyed, in which case the claimant must accompany his claim by his affidavit, containing a copy or particular description of such instrument, and stating its loss or destruction. If the claim, or any part thereof, be secured by a mortgage or other lien which has been recorded in the office of the county clerk of the county in which the land affected by it lies, it shall be sufficient to describe the mortgage or lien, and refer to the date, volume, and page of its record. If, in any case, the claimant has left an original voucher in the hands of the executor or administrator, or suffered the same to be filed in court, he may withdraw the same when a copy thereof has been already, or is then, attached to his claim. A brief description of every claim filed must be entered by the clerk in the register, showing the name of the claimant, the amount and character of the claim, rate of interest, and date of allowance."

Sections 10174 and 10177 came into our statutes, respectively, as sections 151 and 154 of the Probate Practice Act, Revised Statutes of 1879. Section 151 became successively 2604, Codes of 1895, and 7526, Codes of 1907. With slight amendments 154 became section 2607 of the 1895 Code, and 7529 of the Codes of 1907. From the earliest days it has been necessary to accompany a claim against an estate founded upon a written instrument, with a copy of the instrument. (Bannack Laws, Art. IV, sec. 15, p. 307; Codified Stats. 1871–72, sec. 198, p. 352.) And so ever since the adoption of sec-

tions 151 and 154 in 1879, the understanding of the bench and bar has been that the original instrument being neither lost nor destroyed, either the original or a copy of the instrument must accompany the claim at the time of. its presentation to the executor or administrator. This is a sensible interpretation, and it would be unwise to adopt any other. The reason for the rule is apparent. It is for the benefit of the estate. Both the form and the substance of the written instrument should be made known to the legal representative of the estate when the claim is presented. In many cases he would be unable otherwise to pass upon the claim intelligently. That an inspection of the original might frequently become material is obvious also. That the practice above indicated has been recognized by this court is seen by the language used in *Vanderpool* v. *Vanderpool*, 48 Mont. 448, 138 Pac. 772, in which the claim as presented to the administrator and by him rejected did not have attached nor contain a copy of the note. After referring to the quoted provision of what is now section 10177, the court said: "Compliance with these provisions involves no difficulty, and a court cannot say that anything else than substantial compliance upon the part of the claimant meets the requirements." Such is the holding of the supreme court of California upon similar statutes. (*Evans* v. *Johnston*, 115 Cal. 180, 46 Pac. 906; *Stockton Savings Bank* v. *McCown*, 170 Cal. 600, 150 Pac. 985; and see *Waltermar* v. *Schnick's Estate*, 102 Mo. App. 133, 76 S. W. 1053; *Baker* v. *Chittuck*, 4 G. Greene (Iowa), 480.)

The judgment is affirmed.

*Affirmed.*

Associate Justices Cooper, Holloway, Galen and Stark concur.