STATE EX REL. MONTANA FLOUR MILLS CO., RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 8,064.)

(Submitted January 23, 1940. Decided February 6, 1940.)

[99 Pac. (2d) 213.]

*Messrs. R. H. Glover, S. B. Chase, Jr.,* and *John B. Stephenson,* for Relator, submitted a brief; *Mr. Chase* argued the cause orally.

*Mr. Vard Smith,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Relator asks a writ of supervisory control to annul an order of respondent court denying its motion to amend its claim against the estate of William C. Schustrom, deceased, and to have entered an order granting the motion. William C. Schustrom died on April 10, 1938, and Norman Schustrom was appointed executor. Within the time allowed by law therefor relator presented to the executor its claim for a total sum of $1,545.29, in form as follows:

"Cancellation fee on contract as follows based upon close of the market January 27, 1939, when termination of contract took place:
"Contract #10480 booked 9/17/37—Balance 484 barrels.

| | | |
|---|---|---|
| "Carrying charge at 1/6¢ per barrel per day—497 days—.825.. | | $ 399.30 |
| "Selling cost—484 barrels at 20¢ per barrel................ | | 96.80 |
| "Difference in market—Market date of sale.......... | 1.03¼ | |
| Market date cancellation—.................... | .56⅜ | |
| Diff. per bushel............................... | .47⅝ | |
| Times factor per bbl.......................... | 4.6 | |
| Diff. per bbl................................ | 2.16775 | |
| Times bbls. canceled.......................... | .484 | |
| | | 1,049.19 |
| Total Cancellation Charges......................... | | 1,545.29" |

A copy of the contract did not accompany the claim as required by section 10177, Revised Codes. On March 4, 1939, and after the time for presenting claims had expired, the executor disallowed it. On June 3d, relator petitioned the court for leave to file an amended claim. The proposed amended claim was tendered with the petition. It is in the identical language of the original claim, except that there was attached to it and made a part thereof a copy of the written contract No. 10480 dated 9/17/37, and there was also attached to it as an exhibit an explanation of the items going to make up the account, and allegations as to the business engaged in by William Schustrom during his lifetime. It is sufficient to say of the explanatory matter that it did not in any manner change the items set out in the claim, and evidence of the explanatory matter would clearly have been admissible in an action on the claim as originally presented, if the claim was sufficient to support an action thereon. The only material change proposed in the claim from that originally presented was that of attaching a copy of the written contract relied upon.

The petition to file the amended claim recites that the contract was executed by the deceased, whereby he agreed to purchase 700 barrels of flour from relator. During his lifetime he accepted a portion of the flour under the contract, and after his death the executor received and accepted a further portion, leaving 484 barrels undelivered which the executor refused to accept.

Relator's treasurer, Mr. Trigg, was thereupon advised by the attorneys representing the executor to file a claim against the estate, and they forwarded to him by mail a claim blank for that purpose. Trigg prepared and presented the original claim. Relator did not consult an attorney until after the claim was rejected and the time for filing claims had expired. It is alleged that the executor and his attorneys were familiar with the contract, and that William C. Schustrom retained a copy thereof which, upon information and belief, the executor now has.

The court did not give its reason for denying leave to amend the claim. It is entirely probable the court was of the view that under the circumstances the amendment was unnecessary— that, since the original claim identified the contract by number and date, and since the executor was charged with already having a copy thereof, there was no necessity of a strict compliance with section 10177, or, in other words, that the purpose of the section had been met under the circumstances and that the contract itself would be admissible in evidence in an action on the claim as originally filed. We do not hold that such a view would have been erroneous. We need not pass upon the point. We prefer to rest our decision upon another ground.

In *State ex rel. Steinfort* v. *District Court,* 109 Mont. 410, 97 Pac. (2d) 341, we commended the practice of placing the exact facts before the executor or administrator in creditors' claims, and held that the creditor had the right, after the time for presenting claims had expired, to amend the claim in such manner as to forestall the contention that there was a variance between the proof and the claim so long as the substance of the claim was not altered. That case has application here. The purpose of section 10177, requiring a copy of the contract to accompany the claim, is to enable the executor or administrator more intelligently to pass upon the merits of the claim. It would seem that where the contract was identified, as here, and where a copy was already in the possession of the executor, the omission of a copy accompanying the claim should not invalidate it. To hold that its omission under such circumstances would be fatal would seem to amount to a holding that section 10177

was intended, not as a means of ascertaining the facts relative to claims, but more to serve as a foundation upon which to erect technical objections to their sufficiency and make out of probate proceedings a game of matching skill.

However, in view of the holding of this court in *Burnett* v. *Neraal,* 67 Mont. 189, 214 Pac. 955, counsel for relator rightfully entertained some doubt as to the necessity of having a copy of the contract accompany the claim under all circumstances. We again commend them for seeking to forestall the technical contention, which was bound to arise, that the claim was insufficient.

In fairness to the trial judge, it must be said that under the case of *State ex rel. Paramount Publix Corp.* v. *D'strict Court,* 90 Mont. 281, 1 Pac. (2d) 335, 76 A. L. R. 1371, the propriety of allowing the amendment was at least doubtful. At the time the court ruled on the motion the case of *State ex rel. Steinfort* v. *District Court,* supra, had not yet been decided. On the authority of the *Steinfort Case* we must hold that the court erred in denying the motion.

Contention is made that the supreme court of Idaho has ruled otherwise in *Flynn* v. *Driscoll,* 38 Idaho, 545, 223 Pac. 524, 34 A. L. R. 352. But there the original claim was unintelligible without the proposed amendment. That is not the case here. Moreover, we are not able to subscribe to the view of the Idaho court on the facts there involved.

One other point is raised and that goes to the sufficiency of the verification. In the original claim the claimant is designated as Montana Flour Mills Company, without a recitation that it is a corporation. It was verified by the company through P. R. Trigg, who was designated as "Treasurer." It was not stated that he is treasurer of Montana Flour Mills Company, although that, together with the further fact that the Montana Flour Mills Company is a corporation, were the reasonable inferences to be drawn from the verification. (*Nevin-Frank Co.* v. *Hubert,* 67 Mont. 50, 214 Pac. 959.) The proposed amended claim is verified by Trigg and recites that he is treasurer of Montana Flour Mills Company, a corporation. These variations do not constitute a material alteration in the claim. They simply

make plain that which was to be reasonably inferred from the original verification.

The proposed amended claim also recites "that there are no offsets to the same to the knowledge of said claimant." It is contended that where the verification is made by an officer of the corporation, it must be recited that there are no offsets "to the knowledge of affiant," within the rules proclaimed in *Ullman Co.* v. *Adler*, 59 Mont. 232, 196 Pac. 157, 158, and *Dorais* v. *Doll*, 33 Mont. 314, 83 Pac. 884, 885. In the *Dorais Case* the court held that when the claimant acts for himself the verification may be "to the knowledge of * * * claimant." In the *Ullman Case* the verification of the claim was by the book-keeper, and the court pointed out that there was nothing to suggest that he was a general officer of the corporation. Here the verification is by an officer, viz., the treasurer. The officers are the only ones who can speak for a corporation. When one of them does so, as in this case, and states that there are no off-sets to the knowledge of claimant, he in effect says that there are no offsets to the knowledge of affiant. The knowledge of officers of a corporation becomes and is the knowledge of the corporation.

The writ applied for will issue.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.