STATE . Ex Rel. O'SULLIVAN, Relator, *v.* DISTRICT COURT of TENTH JUDICIAL DIST., in and for FERGUS COUNTY, Et Al., Respondents.

No. 8693

Submitted September 27, 1946. Decided December 21, 1946.

175 Pac. (2d) 763

Mr. Emmet O'Sullivan, of Harlowton, and Mr. Howard C. Gee, of Lewistown, for relator.

Mr. Oscar M. Ulsaker, of Lewistown, for respondents.

MR. JUSTICE CHEADLE, delivered the opinion of the Court.

On petition for writ of supervisory control.

The petition alleges that one George L. Laux died in November, 1944, leaving a will by which he devised and bequeathed all of his real and personal property to his nine borthers and sisters, including the relator herein, share and share alike, and in which he nominated one Katherine Simpson, a sister, as sole executrix without bond.

The executrix named in due course filed her petition for probate of the will and issuance to her of letters testamentary, listing therein certain personal property of the stated value of $42,299.30. The assets listed include promissory notes executed by the executrix and her husband in the total amount of $1,320. Thereafter the relator filed objections to the granting of letters testamentary to Katherine Simpson, alleging numerous facts upon which she bases her conclusion that the petitioner is incompetent to act as executrix by reason of her improvidence, want of integrity and lack of understanding. Among the allegations which may be considered material are that petitioner, her husband, father and mother, have wrongfully and unlawfully converted certain assets of the estate, not listed, of the value of $3,000; that petitioner failed to list additional personal property belonging to the estate valued at $10,000, all of which will be wrongfully and unlawfully appropriated by petitioner and the other persons last mentioned; that petitioner and her husband are in reality indebted to the estate to the extent of $3,000, instead of $1,320 listed, and will defraud the estate of the difference; that petitioner is wasting the estate by failure to avail herself of the legal services of relator's husband, an attorney, who has offered to perform legal services for the estate without charge or fee; that petitioner was an accessory after the fact in the commission of the crime of grand larceny by her husband within the past five years; that petitioner is credulous and gullible, inexperienced in business and easily influenced and imposed upon; that she is under the complete dominance and control of her husband and parents, and that if appointed will be controlled and directed by them in the

handling and disposition of the estate, with the result that the assets will be wrongfully converted, wasted and destroyed.

After issues were joined on the objections and more than three days prior to the date set for the hearing thereon, relator duly filed a written demand that such issues be tried by a jury, which demand was overruled and denied by the trial court. By order dated July 15, 1946, the matter was set for trial before the court, without a jury, on September 4, 1946, whereupon the petition before us was filed.

The primary question presented is whether the circumstances warrant or justify issuance of the writ, to control the litigation in the trial court. Supervisory control is an extraordinary remedy, to be exercised only in extraordinary circumstances. We have said in a recent decision (State ex rel. Barron v. District Court of the Thirteenth Judicial District in and for Stillwater County, 174 Pac. (2d) 809), that to justify such a writ an exigency or emergency must be shown to exist, or that a gross injustice would result from a denial of the writ, and the absence of other adequate relief. Under the provisions of Article VIII, section 2, of the Montana Constitution, and section 8882, Revised Codes, this court is given supervisory power to control the course of litigation in the trial courts in proper cases, including cases where relief by appeal is not available or would be inadequate. One of the earlier discussions of the function of the writ is found in State ex rel. Whiteside v. First Judicial District Court, 24 Mont. 539, 562, 63 Pac. 395, 400. "As the appellate jurisdiction was granted for the purpose of revision and correction, and the original jurisdiction under these writs was granted to enable us to render such relief as is appropriate under them, so the supervisory power was granted to meet emergencies to which those other powers and instrumentalities are not commensurate. It is independent of both, and was designed to infringe upon the functions of neither. It has its own appropriate functions, and, without undertaking to define particularly what these functions are, we think one of them is to enable this court to control the course of litiga-

tion in the inferior courts where these courts are proceeding within the jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal or the remedy by appeal is inadequate." State ex rel. Anaconda Copper Min. Co. v. Second Judicial District Court, 25 Mont. 504, 65 Pac. 1020.

In State ex rel. Bonners Ferry Lumber Co. v. District Court of Second Judicial Dist. in and for Silver Bow County, 69 Mont. 436, 438, 222 Pac. 1050, this court said: "In State ex rel. Hennessy v. District Court [of Second Judicial Dist.], 26 Mont. 274, 67 Pac. 625, the writ was sought to annul an order of the trial court refusing the petition of a litigant for a survey and inspection of the underground workings of a mine. In denying the application the court said: 'The question involved, if properly reserved, may be reviewed on appeal from the judgment finally rendered in the cause, and no exigency is shown requiring immediate interference by this court.' "

In State ex rel. Harris v. District Court, 27 Mont. 280, 70 Pac. 981, 982, a similar writ was sought to correct an alleged error of the trial court in sustaining an objection to the introduction of evidence in the principal action. In denying the petition, this court said: "The writ of supervisory control cannot be successfully invoked, for it may be employed only in exigent cases to remedy manifest wrongs which cannot be otherwise righted. * * * Should the writ issue upon the present application, it would lie to correct each and every mistake of district courts, and in great measure supplant the ordinary appeal. Such is not its office." For citation of numerous authorities to similar effect, see State ex rel. Barron v. District Court, supra [174 Pac. (2d) 815]: Therein we said: "No compelling reason has been here shown for the issuance of the writ applied for. It does not appear that any injustice to the relators may not be corrected by appeal from the final judgment or decree. The circumstances do not indicate an exigency or emergency beyond that which might frequently result from an erroneous ruling by a trial court in the course of litigation, which may

be remedied upon appeal; neither has it been shown that a gross injustice would result from denial of the writ. Since the relators have other adequate remedy, it follows that the petition must be denied and it is so ordered.''

While the order now complained of is not itself appealable, ■ section 9731, Revised Codes, expressly grants the right of appeal from the trial court's decision and order in the contest of the competency of the petitioner for letters testamentary. On any such appeal, the validity of the order forming the basis of this petition could be determined and the error, if any, corrected. And we may not anticipate an adverse outcome of the hearing from which the objector would conclude to appeal; and this is true, of course, whether the matter be determined with or without the services of a jury. The unavoidable delay attendant upon an appeal in this cause furnishes no more compelling justification for a shortcut than appears in the usual case where alleged error by the trial court in the course of litigation provides the basis of appeal. Mere inconvenience to a party, or delay in final disposition of a cause, is no justification for interference with district courts by correction of every erroneous action during the progress of litigation before them. During the period of any such delay, should the objector or other persons interested be in a position to prove or to convince the judge of the district court that the assets of the estate were being dissipated, converted or otherwise injured, or were in danger thereof, ample statutory remedy is available to correct that situation; for example, Chapter 122, Code of Civil Procedure, particularly sections 10124 and 10125. Objector will not be heard to urge our assumption that the trial court will be so derelict in its duty as to knowingly permit any such condition to exist or continue.

We think that the circumstances of this case can be distinguished from those in the cases of State ex rel. Crowley v. District Court of Sixth Judicial District in and for Gallatin County, 108 Mont. 89, 88 Pac. (2d) 23, 121 A. L. R. 1031, and State ex rel. Barnard-Curtiss Co. v. District Court of Third Judicial

District in and for Granite County, 113 Mont. 107, 122 Pac. (2d) 419. In each of those cases an appeal, upon refusal of the writ prayed for, would have been inevitable and grounded solely upon the very error which the writ corrected. Such is not the case here, unless we are to assume that the trial court's decision will be adverse to the objector, which we may not do. To the contrary, it must be assumed that the trial court will hear and determine the issues fairly and in conformity with the evidence presented.

The procedural question involved is interesting and novel. But since we hold that the circumstances do not warrant interference by application of supervisory control, we refrain from expression of opinion as to its answer.

The petition is denied.

Mr. Chief Justice Lindquist and Associate Justices Morris and Adair concur.

Mr. Justice Angstman (dissenting).

I am not able to share the views of my associates that supervisory control does not lie in this case. I think we seldom have a case before us where that extraordinary writ is more appropriate.

If we are to abolish the use of the writ entirely, then that should be done by amending the Constitution in the regular way and not by judicial fiat.

My associates concede that the pleadings in the lower court raise issues of fact. That being so, the legislature has said in no uncertain terms that those issues must be determined by a jury, if jury be demanded as has been done here. (Sec. 10368.) My associates say that such a procedure is "interesting and novel." Section 10368 has been the statutory law in Montana for 70 years and I see no room for the suggestion that it is either novel or interesting. My associates suggest that since relatrix may have the question determined on appeal as to whether she is entitled to a jury to determine the issues raised in the proceedings, she has an adequate remedy by appeal.

The fact that there exists the right of appeal does not pre-

clude the use of the writ. State ex rel. Haynes v. District
Court, of First Judicial District in and for Lewis and Clark
County, 106 Mont. 470, 78 Pac. (2d) 937; State ex rel. Regis v.
District Court of Second Judicial District, Silver Bow County,
102 Mont. 74, 55 Pac. (2d) 1295. If the appeal be inadequate,
the writ is appropriate.

We have heretofore made use of the writ to correct an error
in the trial court when to allow the district court to proceed
with the trial and then, on appeal, send the case back so that it
could be tried again with the error removed would be "Ineffi-
cient, costly and time-consuming, and would benefit no one."
State ex rel. Crowley v. District Court of Sixth Judicial District
in and for Gallatin County, 108 Mont. 89, 88 Pac. (2d) 23,
30, 121 A. L. R. 1031. And in State ex rel. Barnard-Curtiss
Co. v. District Court of Third Judicial District in and for Gran-
ite County, 113 Mont. 107, 122 Pac (2d) 419, 422, this court
said: "Here the case might be tried on the pleadings as they
stand, without the amendments sought to be made, and the point
could be reserved for correction of the error on appeal if judg-
ment went against relator. This, however, would be denying to
the relator the right of trial of the actual case as contended for
in its application to amend. It would be deprived of the right to
interpose a legitimate defense, and this because of the refusal of
the district court to allow the amendment without any good
reason for such refusal. The necessity of going through a trial
of the case and thereafter the resort to appeal for correction
of the error, and a second trial upon an amended statement
of the case, would be imposing a hardship upon the relator
which the rule in respect to amendments of pleadings is in-
tended to avoid. The remedy by appeal, therefore, cannot be
said to be adequate. The exercise of supervisory control in
this matter we think is necessary to protect the rights of the
relator as a litigant."

If relatrix in the case before us loses in the trial on the merits,
she may appeal to this court. But this court cannot do more
than send the case back with directions to grant to her the

right to a jury trial as the statute commands. Section 10058 does not conflict with section 10368 but merely contemplates that objections which raise legal questions only or fact questions and no jury be demanded, shall be tried by the judge, whereas section 10368 specifically provides that fact questions shall be tried to a jury if demanded.

On appeal to this court the most that this court can do is to say that relatrix and her counsel, the court, witnesses and all parties to the controversy have wasted their time and expended their money in doing an idle and useless thing. The trial will have to be pronounced a nullity because not taking place before a properly constituted tribunal and the parties will be directed to start all over again. This court on appeal could not grant any relief other than to order a jury trial and I think now is the time to do that. The round-about method that must be employed under the majority opinion strikes me as rather "inefficient, costly and time-consuming" resulting in no benefit to any one.

Then again my associates think relatrix has an adequate remedy by allowing the petitioner to be appointed executrix and then seek her suspension under section 10124.

The legislature, however, recognizing that sometimes it is better to lock the door before, rather than after, the horse is stolen, has made provision for objections to be filed before the appointment. (Sec. 10058.) Evidently the legislature did not believe that the remedy under section 10124 should be regarded as adequate in every case and for that reason enacted section 10058.

I think it is an abuse of discretion not to issue the writ in this case.