CHARLES L. COCANOUGHER, as Administrator of the Estate of WILLIAM COCANOUGHER, SR., Deceased, Plaintiff and Appellant, v. WILLIAM MARION COCANOUGHER and EFFIE MAY NYHART, as acting Executor and Executrix of the Estate of EFFIE DELLA COCANOUGHER, Individually, Defendants and Respondents.

No. 10241

Submitted June 11, 1962. Decided October 10, 1962.

375 P.2d 1014

Harold L. Allen, Three Forks, Doepker & Hennessey, Butte, Mark J. Doepker (argued orally), Butte, for appellant.

Schulz & Davis, Dillon, Leonard A. Schulz (argued orally), Carl M. Davis (argued orally), Dillon, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is one of three appeals involving the same parties in estate matters concerned with the administration of the estate of Effie Della Cocanougher, 141 Mont. 16, 375 P.2d 1009, decided this same day relates the relationships and situations of the parties and will not be repeated here.

This is an appeal from a judgment entered after the sustaining of a demurrer and the refusal of the plaintiff to plead further.

Charles L. Cocanougher, appellant here, brought this action for an accounting as administrator of the estate of William Cocanougher, Sr., against William Marion Cocanougher and Effie May Nyhart, individually and as executors of the estate of Effie Della Cocanougher.

Appellant specifies as error the sustaining of respondents' demurrer. Discussion of that specification will be sufficient to dispose of the appeal.

Appellant's complaint, filed on May 20, 1960, alleges: That appellant was appointed administrator of estate of William Cocanougher, Sr., on May 3, 1960; that appellant's decedent died on August 5, 1946, and that after his death on or about that same day Effie Della Cocanougher sold cattle belonging to the decedent; that she never accounted for the proceeds of the sale to the estate of decedent; that on or about November 5, 1957, Effie Della Cocanougher from the proceeds of the sale of cattle

and other personal property belonging to the Estate of William Cocanougher, Sr., deposited $12,200.17 in a certain bank. The complaint does not allege when the sale of the aforementioned property was made.

R.C.M.1947, § 93-2706 provides:

"For the purpose of computing the time within which an action must be commenced in a court of this state, by an executor or administrator, to recover personal property, taken after the death of a testator or intestate, and before the issuing of letters testamentary or letters of administration, or to recover damages for taking, detaining, or injuring personal property within the same period, the letters are deemed to have been issued within five years after the death of the testator or intestate. But where an action is barred by this section, any of the next of kin, legatees, or creditors, who, at the time of the transaction upon which it might have been founded, was within the age of majority, or insane, or imprisoned on a criminal charge, may, within five years after the cessation of such disability, maintain an action to recover damages by reason thereof, in which he may recover such sum, or the value of such property, as he would have received upon the final distribution of the estate, if an action had been seasonably commenced by the executor or administrator."

Under section 93-2706, the letters of administration herein are deemed to have been issued within five years after the death of the decedent, which in this case would be August 5, 1951. The purpose of section 93-2706 is to fix a definite point of time from which an applicable statute of limitations commences to run rather than have an applicable statute of limitations start to run when an administrator is appointed no matter how long a period has elapsed after the death of an intestate. Haydon v. Normandin, 55 Mont. 539, 179 P. 460.

Thus, in the present case, the applicable statute of limitations began to run on August 5, 1951. In view of this, no mat-

ter what statute of limitations is applied, or even under the equitable doctrine of laches, the present action is barred.

Section 91-2710, R.C.M.1947, provides in part:

"No claim must be allowed by the executor or administrator, or by the judge, which is barred by the statute of limitations."

This section prohibits a waiver of the statute of limitations by an executor or judge. Vanderpool v. Vanderpool, 48 Mont. 448, 138 P. 772. In the light of this prohibition, this court in Pincus v. Davis, 95 Mont. 375, 386, 26 P.2d 986, 991, after recognizing that an objection of the bar of the statute of limitations can only be raised by answer (9065 Rev.Codes, 1921, now R.C.M.1947, § 93-2719) stated:

"We find ourselves in accord with the rule announced in the foregoing authorities, and where an executor or administrator is defending a claim and it appears to the court by pleading or evidence that the claim, or some part thereof, is barred by the statute of limitations, it is its duty to raise the bar, for otherwise the court, if it disregard the bar of the statute, would order the claim paid in an action thereon, and on the settlement of an account it would be its duty to disallow the claim once by it ordered paid. Such a situation must not arise."

It is apparent from a reading of the complaint that the action is barred by any of our statutes of limitation. In view of this and what was stated from the Pincus case, supra, as quoted above, the court did not err in sustaining the demurrer and in giving judgment for respondents.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON, concur.