CHARLES L. COCANOUGHER, Plaintiff and Appellant, v.
WILLIAM MARION COCANOUGHER, and EFFIE MAY
NYHART, as Executors of the Estate of EFFIE DELLA
COCANOUGHER, Defendants and Respondents.

No. 10240

Submitted March 13, 1963. Decided April 18, 1963.

(On rehearing)

380 P.2d 883.

Harold L. Allen (argued orally), Three Forks, Doepker & Hennessey, Butte, Mark J. Doepker (argued orally), Butte, for appellant.

Schulz & Davis, Dillon, Carl M. Davis (argued orally), Dillon, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is one of three appeals involving the same parties in estate matters concerned with the administration of the estate of Effie Della Cocoanougher. The other two, Cocoanougher, Administrator of the Estate of Cocoanougher v. Cocanougher, 141 Mont. 28, 375 P.2d 1014, and In re Cocanougher's Estate, 141 Mont. 16, 375 P.2d 1009, were decided October 10,

1962. In re Cocanougher's Estate, supra, relates the relationships and situations of the parties which will not be repeated here. This matter is being heard upon re-hearing granted.

This is an appeal from a judgment entered after the sustaining of a demurrer and a refusal to plead further. The action was brought by Charles Cocanougher, appellant here, to recover on a creditor's claim against the Estate of Effie Della Cocanougher, deceased, represented by the personal representatives, respondents here.

Illustrative of the substance of the complaint is the following:

"That on or about the 3rd day of January, 1955, the plaintiff and Effie Della Cocanougher borrowed from the Federal Land Bank of Spokane, Washington, the sum of Eight thousand five hundred ($8,500.00) dollars to be repaid over a period of twenty (20) years with interest at the rate of 4% per annum payable in yearly payments of $625.45 each with final maturity on January 1st, 1975. * * *

"That one-half of said Federal Land Bank loan was incurred by the plaintiff and one-half by Effie Della Cocanougher in her lifetime, and the following itemized statement discloses the one-half share of Effie Della Cocanougher to be the amount of $4,491.61 * * *.

"That the plaintiff, Charles L. Cocanougher, under the provisions of section 91-3606, R.C.M.1947, presented his Creditor's Claim to the defendants, showing the status of said claim and showing that the plaintiff assented to a deduction of the legal interest for the time the claim has yet to run, and he is entitled to be paid accordingly, all of which is fully and completely set forth in the Creditor's Claim which was presented to the defendants as Executors, a copy of which Creditor's Claim is hereunto annexed marked 'Exhibit A' and by express reference made a part hereof."

The creditor's claim sets out calculations which show a total amount of $4,491.61 due appellant from Effie Della Coca-

nougher. A copy of a loan closing statement and a mortgage were attached to the claim. Both of those documents refer to a promissory note for which the mortgage was given as security. The property mortgaged was owned by appellant, but Effie Della Cocanougher signed the mortgage as a mortgagor. The note referred to, or a copy thereof, did not accompany the creditor's claim.

The decisive issue presented under appellant's specifications of error is whether or not the claim is founded upon a note within the meaning of section 91-2708, R.C.M.1947, the relevant part of such section provides:

"If the claim be founded on a bond, bill, note, or other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it be lost or destroyed, in which case the claimant must accompany his claim by his affidavit, containing a copy or particular description of such instrument, and stating its loss or destruction."

Appellant argues that the obligation between appellant and Effie Della Cocanougher is not founded on the note, but it is an implied obligation not in writing and, therefore, there was no need for the note to accompany the creditor's claim. This contention is without merit. The claim is founded on the note which is referred to in the mortgage and the loan closing statement. Section 91-2708, supra, covers claims based upon, arising from, or growing out of a bond, bill, note, or other instrument. A creditor's claim is founded on a bond, bill, note, or other instrument within the meaning of that section if the claim requires the support of the particular instrument to sustain it.

Such is the present claim. If appellant and Effie Della Cocanougher are co-makers or if one was an accommodation party for the other, their obligations *inter se* depend upon the note itself. The obligations arise out of, and exist solely by virtue of the note.

■ Upon petition for rehearing, appellant submitted a copy of the note in question. It is now too late to exhibit a copy of the note in order to put the court below into error. Appellant had prior, ample opportunity to submit a copy of the note. If there was any doubt as to the requirement of section 91-2708, supra, a copy of the note should have been attached to the creditor's claim.

■ Appellant argues that since the terms of the note are set out in the mortgage, a copy of the mortgage was sufficient. The fact as to the terms may be true, but, as far as the executors are concerned, the only means of confirming that fact would be by examination of a copy of the note.

■ Appellant cites Pincus v. Muntzer, 34 Mont. 498, 87 P. 612; Chipman v. Morrill, 20 Cal. 131; McCarthy v. Mt. Tecarte Land & Water Co., 110 Cal. 687, 43 P. 391; O'Brien v. King, 174 Cal. 769, 164 P. 631; and Bracklein v. Realty Ins. Co., 95 Utah 490, 80 P.2d 471, wherein the meaning of the phrase "founded upon an instrument in writing" as it is used in statutes of limitations has been considered. We do not disagree with the holdings in those cases. However, the policy behind the statute before us necessitates an interpretation which will best effectuate that policy. This policy, reflected by the requirement of section 91-2708, that the note or a copy thereof accompany the claim is for the benefit of the estate so that the personal representative can intelligently consider the claim. See Burnett v. Neraal, 67 Mont. 189, 214 P. 955. Here, there is no definite indication to the executors, without an examination of the note, as to whether their decedent, Effie Della Cocanougher, even signed the note or, if she did, in what capacity.

■ Since we hold that the claim is founded on a note, a copy of the note or the original must accompany the creditor's claim. Burnett v. Neraal, supra. The complaint herein did not allege that the note accompanied the claim nor was there a copy of the note attached to the claim which was made a part

of the complaint. In view of the requirement that the note or a copy of it accompany the creditor's claim, the aforementioned defect rendered the complaint defective upon the ground that it failed to state facts sufficient to constitute a cause of action.

The sustaining of the demurrer on that ground was proper. The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and DOYLE concur.