THE STATE OF MONTANA ex rel. KATIE SEADER, Executrix of The Estate of Conrad Seader, Relatrix v. DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Big Horn, and HONORABLE E. E. FENTON, District Judge, Respondents.

No. 10736.

Submitted February 3, 1964. Decided April 3, 1964.

389 P.2d 178.

Bert W. Kronmiller and Douglas Y. Freeman (argued), Hardin, for appellant.

Hibbs, Sweeney & Colberg, Rexford Hibbs (argued), Maurice Colberg, Jr. (argued), Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an original application for a writ of supervisory control.

It appears that Conrad Seader died October 10, 1961, in Big Horn County and that on November 24 of the same year his last will and testament was admitted to probate. His widow, Katie Seader, relatrix herein, was appointed executrix of his estate. On November 30, 1961, notice to creditors was duly published in the Hardin Tribune-Herald and the time for presentation of claims expired on March 30, 1962.

On January 16, 1962, Kraft Realty Company, successor to Kraft & Pambrun Agency, one of the respondents herein, presented its creditor's claim in the amount of $4,437.50 to the executrix. The claim was in the following form:

"1961   Commission for sale of Sky-Vu
Drive-In                         $4,437.50"

This claim was erroneously designated in Yellowstone County, so on March 29, 1962, Kraft Realty Company, filed a second creditor's claim with the executrix which was identical in form to the first, save that it correctly designated the county. On April 2, 1962, this claim was rejected by the executrix and notice of this rejection was sent to the Kraft Realty Company.

On April 16, 1962, the Kraft Realty Company commenced an action against Katie Seader, executrix of the estate. The basis of this action was the rejected creditor's claim of March 29. The complaint in this action alleges among other matters that a claim was presented within the time provided by law and it was rejected by the executrix. A copy of the claim was annexed and made a part of the complaint. No mention was made in this complaint as to the existence of a written instrument. On May 24, 1962, the executrix caused the deposition to

be taken of Raleigh Kraft, president of Kraft Realty Company, and Dorothy Kraft, the Company's secretary. Through the course of these depositions it was disclosed that the action filed by Kraft Realty Company was based upon a written agreement entitled "Open Listing Agreement." This agreement was purportedly entered into by Conrad Seader, the deceased with another company, Kraft and Pambrun.

A year later, on May 21, 1963, Kraft Company attempted to file an amended creditor's claim. This attempt was resisted by the executrix on the grounds that the amendment was one of substance and thus could not be made after the time for presentation of claims had expired. This amended creditor's claim was in form identical to the previous one, however a copy of the "Open Listing Agreement" was appended thereto. On October 28, 1963, the presiding judge ordered that the motion to allow filing of an amended creditor's claim be granted. Then on January 3, 1964, Kraft Company filed the amended claim as ordered in the court below.

The executrix on January 13, 1964, made application with this court for a writ of supervisory control on the grounds that the lower court was without power to allow the amendment of a creditor's claim in this case. An alternative writ was granted ordering the district court to show cause. The respondents moved to quash the alternative writ and on February 3, 1964, the matter was argued in open court.

In support of their motion to quash the alternative writ, the respondents contend that the relatrix has other adequate relief in the ordinary course of the law and that the remedy by appeal, in this case is sufficient.

It is a fundamental proposition that the writ of supervisory control is an extraordinary remedy which will only be granted under extraordinary circumstances. O'Sullivan v. District Court, 119 Mont. 429, 175 P.2d 763. To justify the issuance of such a writ an exigency or emergency must be shown to exist or it must be shown that gross injustice would result in a denial

of the writ. State ex rel. Barron v. District Court, 119 Mont. 344, 174 P.2d 809. There must also be an absence of other adequate relief. A writ of supervisory control will not be issued merely because the relief by appeal will be costly or time consuming. State ex rel. Furshong v. District Court, 105 Mont. 37, 69 P.2d 119.

It appears that in the instant case, if the writ is refused, the relatrix still has a remedy at law. In the civil action of April 16, 1962, the relatrix can defend on the grounds that the claim as originally presented did not have the contract properly attached to it and the amendment of the claim, after the statutory time, was illegal. In the recent case of Cocanougher v. Cocanougher, 141 Mont. 597, 380 P.2d 883, this same defense, that is, that the claim did not have the contract properly attached was raised by a demurrer to the complaint in an action brought on the claim. This demurrer was sustained and a judgment entered after the plaintiff refused to plead further. From this judgment an appeal was taken to this court and the district court ruling was sustained. Similarly in this case this defense can be raised by other means. If such a defense fails in the lower court the relatrix can then have the question passed on by this court by virtue of an appeal.

The respondent's motion to quash the alternative writ is granted. Because we have granted the respondent's motion to quash, we find it unnecessary to discuss the other points raised in relatrix's application for writ of supervisory control.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DOYLE and ADAIR concur.